UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TROY COACHMAN,<br><br>Plaintiff,<br><br>v.<br><br>SEATTLE AUTO MANAGEMENT INC. dba MERCEDES BENZ OF SEATTLE and AL MONJAZEB,<br><br>Defendant. | Case No. 17-187RSM<br><br>ORDER RE: MOTIONS IN LIMINE |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Troy Coachman's Motions in Limine (Dkt. #26), Defendants Seattle Auto Management Inc. dba Mercedes Benz of Seattle and Al Monjazeb ("Defendants")'s Motions in Limine (Dkt. #25), and Motions in Limine stipulated by the parties (Dkt. #27). For the reasons set forth below, these Motions are GRANTED, DENIED, and DEFERRED.

## II. STIPULATED MOTIONS IN LIMINE

The Court will first address the agreed Motions in Limine (Dkt. #27) listed as follows:

1. Evidence or argument excluded by an order in limine must not be presented to the jury without prior leave from the Court.

ORDER RE: MOTIONS IN LIMINE - 1

2. Non-party fact witnesses are excluded from the courtroom until excused by the Court.
3. Evidence of unemployment compensation is inadmissible.
4. Statements of apology or remorse regarding the decision to terminate Plaintiff's employment are inadmissible.
5. Counsel shall not offer at trial documents not previously disclosed without prior leave from the Court.
6. Counsel shall not comment regarding the size of any law firm or the number of attorneys involved in litigation.
7. Counsel shall not make reference to the substance of pre-trial motions in the presence of the jury.
8. Expert reports are not admissible.
9. Counsel shall not make reference to the taxability of any jury award.
10. Counsel shall not comment regarding the choice to call or not call any witness.
11. Counsel shall provide the names of witnesses they plan to call the next court day at the end of each day of trial.

The Court finds that many of these Motions reflect standard practices of the Court, and they are otherwise reasonable given the nature of this case. These Motions are GRANTED.

### III. PLAINTIFF'S MOTIONS IN LIMINE

1. Plaintiff first moves to permit the parties to show any and all exhibits in opening statements. Defendants respond that they dispute the admissibility of certain exhibits. Parties are permitted to refer to admissible evidence to be presented at trial, but not to show exhibits where there is a genuine dispute as to admissibility. Such exhibits will

ORDER RE: MOTIONS IN LIMINE - 2

only be published to the jury after ruling by the Court. The Court does not know what exhibits are at issue, and, out of caution, concludes that the parties may not show any exhibit or portion of an exhibit where admissibility is disputed. However, the Court finds the parties may show demonstrative exhibits such as timelines to the jury so long as they make clear that such is not evidence. This Motion is GRANTED IN PART AND DENIED IN PART.

2. Plaintiff seeks to use videotaped deposition clips of Defendants' 30(b)(6) witness during opening statements. This Motion is DENIED. The jury is not well-served hearing actual testimony in the opening statement out of context, and it is entirely within the Court's discretion to limit the use of this evidence. *See Doe v. City of San Diego*, 12CV689-MMA (DHB), 2014 WL 11997809, at *6 (S.D. Cal. July 25, 2014). Parties are free to describe the content of such clips to the jury.

3. Plaintiff moves to permit use of a video clip of himself during his opening statement. This Motion is DENIED for the same reasons as Plaintiff's Motion #2 above. Plaintiff admits in his Motion that "the video will fairly demonstrate Mr. Coachman's ability to speak and nothing more." Dkt. #26 at 9. The issue of the admissibility of such a clip outside opening statement is not properly before the Court, but the Court is inclined to disallow such a clip because Mr. Coachman is available to testify in person and presumably can demonstrate speaking with the aid of his voice prosthetic if necessary for his case.

4. Plaintiff seeks to preclude hearsay testimony from witnesses speaking to coworkers Kris Capps and Amy Topping's complaints of Mr. Coachman's job performance. Defendants contend that these individuals have been identified as witnesses and can

testify as to their own observations. Defendants further contend that such complaints were relevant, even though Defendants became aware of them after Plaintiff was terminated, because they were part of the consideration for how Plaintiff could return to work. The Court finds that a ruling on this issue may be moot if these coworkers testify, and otherwise can be resolved at trial. This Motion is DEFERRED.

5. Plaintiff moves to preclude after-acquired evidence of his alleged misconduct on FRE 403 grounds. The Court believes such evidence is likely more prejudicial than probative, but will reserve judgment until after Defendants have made an evidentiary proffer outside the presence of the jury. This Motion is DEFERRED.

6. Plaintiff seeks to preclude Defendants from presenting evidence that he failed to request an accommodation at the time of his return to work, arguing that Defendants had a duty to engage in the interactive process before terminating him, and that any evidence is more prejudicial than probative. Defendants point to the Ninth Circuit's model jury instruction on this issue. Under the ADA, an employer must be on notice of the need for accommodation before the duty to accommodate arises. This can occur either by the employee making a request for accommodation, or circumstances where the employer should know about the disability and where the employee's disability itself prevents such a request being made. *See Barnett v. U. S. Air, Inc.*, 228 F.3d 1105, 1112 (9th Cir. 2000) (en banc), *vacated on other grounds*, 535 U.S. 391 (2002); *Caniano v. Johnson Controls, Inc.*, 1999 U.S. App. LEXIS 20648, *3 (9th Cir. 1999). Defendants' duty to accommodate may be said to have continued after a prior accommodation of unpaid medical leave if Plaintiff had asked for a different accommodation, or if Defendants' had notice that further accommodation was needed. *Humphrey v. Mem'l Hosp. Ass'n*,

239 F.3d 1128, 1138 (9th Cir. 2001). However, Defendants are entitled to explain why such was not the case, including the fact that Plaintiff did not ask for a different accommodation. To deny Defendants that fuller explanation would likely confuse the jury. Such evidence is more probative than prejudicial. This Motion is DENIED.

7. Plaintiff seeks to preclude evidence of an offer of reinstatement at trial. There appears to be a genuine factual dispute whether the offer was unconditional. An unconditional offer of reinstatement tolls the accrual of back pay from the date of the offer. *Ford Motor Co. v. E.E.O.C.*, 458 U.S. 219, 231-232 (1982). The Court finds that this issue can be dealt with at trial or after trial, that the evidence is more probative than prejudicial, and that an offer of proof is unnecessary. This Motion is DEFERRED.

8. Plaintiff argues that he should be permitted to call adverse witnesses, use leading questions, and limit Defendants' cross examination of their own witnesses during Plaintiff's case-in-chief. First, Plaintiff seeks an order preventing Defendants from expanding cross examination beyond the scope of Plaintiff's direct examination during Plaintiff's case-in-chief, citing Fed. R. Evid. 611(b). Defendants agree that "as a general proposition, the scope of cross-examination should not exceed the boundaries of direct examination," but argue that Rule 611(b) expressly contemplates the Court allowing inquiry as if on direct examination at its discretion. The Court is not inclined to allow Defendants to conduct direct examination during Plaintiff's case-in-chief without stipulation between the parties. This part of Plaintiff's Motion is GRANTED. Second, Plaintiff seeks an advanced ruling that two witnesses, former HR Administrator Dee Lopez, and former General Manager Jason Graham, are hostile witnesses. Defendants disagree only about Mr. Graham, citing certain evidence. The Court agrees

ORDER RE: MOTIONS IN LIMINE - 5

Plaintiff may treat Mr. Lopez as a hostile witness, but will defer ruling on Mr. Graham until Plaintiff has established at trial that he is a hostile witness. This part of Plaintiff's Motion is GRANTED IN PART.

9. Plaintiff seeks to preclude blanket submission of his medical records, and offers the alternative of submitting his own summary of such records. Defendants reject that offer. Defendants also point out that "Plaintiff is seeking substantial non-economic damages," that "he intends to rely on the testimony of his treating experts to support his claim," and that "Plaintiff's medical records contain relevant information related to underlying causes of Plaintiff's emotional distress (*e.g.*, family history and health history) that go to the damages case." Dkt. #31 at 10. Plaintiff has failed to convince the Court that medical records, generally speaking, are irrelevant to this case or should not be seen by the jury. On the other hand, the Court does not see how "thousands" of pages of medical records could possibly be relevant. The Court finds that neither party has presented an adequate solution to the problem, and encourages the parties to either agree on a summary of the records or limit the use of such exhibits to those truly required to prove the claims and defenses so as to reduce delays for objections. The Court will entertain specific objections at trial. This Motion is DENIED.

10. Finally, Plaintiff moves to permit his expert witness Judy Clark to attend all of trial despite the witness exclusion rule. Plaintiff's basis is that it "may be necessary to present rebuttal testimony" because "Defendants are expected to change or revise their claims… and to attack Ms. Clark's statements regarding industry standards." Dkt. #26 at 20. Plaintiff has failed to present sufficient evidence or argument to establish that

this expert's presence in the courtroom during Defendants' case is "essential to presenting [Plaintiff's] claim or defense." FRE 615. This Motion is DENIED.

### IV. DEFENDANTS' MOTIONS IN LIMINE

1. Defendants first move to exclude opinion testimony from witnesses Marie Repanich, MS, CCC-SLP, Carol Stimson, ARN,; and Alison Leahy, RN, "that Plaintiff could perform the essential functions of his position when he was allegedly released to return to work on January 2, 2015." Dkt. #25 at 2. The Court concludes that these witnesses can testify as to what Plaintiff could or could not do physically. Plaintiff's counsel can connect those physical abilities to Plaintiff's job description via additional questioning or argument. Witnesses cannot speculate outside their knowledge. Defendants can attack via cross examination any testimony they believe is unsupported. This Motion is DENIED.

2. Defendants move to exclude speculative testimony from Ms. Stimson and Ms. Leahy that Plaintiff could communicate clearly on January 2, 2015. Plaintiff successfully argues that these medical providers have a basis for forming opinions on this subject. Medical providers routinely offer testimony about the future condition of their patient, testifying based on their experience and training that the patient will continue in the current condition (or improve). Defendants can attack these providers' conclusions on cross examination and offer testimony from other witnesses who refute those conclusions. This Motion is DENIED.

3. Defendants move to exclude statements of Dr. Eduardo Mendez, one of Plaintiff's treatment providers, who passed away on January 5, 2018, under the hearsay rule. Plaintiff argues that the statements are in medical records that fall under an exception to

hearsay, specifically FRE 803(6). The Court agrees. *See United States v. Hall*, 419 F.3d 980, 987 (9th Cir. 2005). Plaintiff also argues that some of the records may be offered for purposes other than the truth of the matter asserted, such as notice to the employer. The Court agrees this is another basis for admissibility. This Motion is DENIED.

4. Defendants move to exclude undisclosed expert opinions. The Court agrees with Plaintiff that this is simply a request to comply with the Federal Rules of Civil Procedure and that this Motion is superfluous. In any event, it is GRANTED.

5. Defendants move to exclude any legal opinions of Plaintiff's expert witness Judy Clark, citing certain statements in her expert report. In response to this Motion, Plaintiff indicates he does not intend to offer expert testimony consisting of legal opinions and discusses the type of opinion testimony Ms. Clark will provide. The Court expects Ms. Clark will be advised to be appropriately cautious with how she phrases her testimony so as to avoid offering legal opinions. It appears counsel for all parties are aware of the applicable legal standard. To the extent necessary, this Motion is GRANTED.

6. Defendants move to exclude legal opinions of expert witness Clark regarding the Washington Law Against Discrimination. Plaintiff responds that Ms. Clark will only offer opinions about HR standards of care and best practices. Dkt. #33 at 9–10. The Court's conclusion is the same as the above and this Motion is GRANTED.

7. Defendants seek to preclude evidence of economic damages submitted after a rejection of an unconditional offer of reinstatement. This mirrors a prior Motion by Plaintiff. As stated above, the parties appear to disagree whether the evidence will show the offer was unconditional. This issue can be dealt with at trial or after trial. This Motion is DEFERRED.

8. Defendants move to "exclude evidence that Defendants did not provide a reasonable accommodation." Dkt. #25 at 10. This Motion appears to mirror Plaintiff's Motion in Limine #6, above. The Court has already determined that Defendants can present evidence that Plaintiff failed to request an accommodation at the time of his return to work. It is unclear what other relief Defendants are seeking, unless they are seeking to dismiss Plaintiff's failure to accommodate claim in its entirety. To add further confusion to this matter, Plaintiff's citation to the Washington Pattern Jury Instructions appears to set up the possibility of different standards for this claim under the WLAD versus the ADA. Although Plaintiff brings a failure to accommodate claim under both laws, the two are conflated in these Motions. A motion in limine is not the proper vehicle for resolving this dispute. In any event, Plaintiff can proceed with his claims and the Court can hear further motions at the end of Plaintiff's case or after Defendants' case. This Motion is DENIED.

9. Defendants move to exclude evidence of other businesses owned by Defendant Al Monjazeb as irrelevant and more prejudicial than probative. Plaintiff contends that evidence of Defendant's six other car dealerships is relevant because the dealerships shared HR services, and because "personnel [] transferred among Mr. Monjazeb's dealerships as needed." Dkt. #33 at 13. The Court agrees with Plaintiff that such evidence is relevant to both the availability of alternate positions and the nature of the company's human resource management. Defendants have failed to show how such evidence is particularly prejudicial. This Motion is DENIED.

10. Defendants request bifurcation of the trial into issues of liability and punitive damages. Defendants are hoping to exclude evidence of their financial condition from the first

ORDER RE: MOTIONS IN LIMINE - 9

phase of trial. Plaintiff responds by showing how the financial condition of Defendants is directly relevant to Defendants' ability to offer various accommodations, an issue that would be in the first phase. The Court agrees with Plaintiff and finds that bifurcation would serve no purpose. This Motion is DENIED.

11. Defendants ask the Court to prohibit the Plaintiff from introducing excerpts of deposition testimony in his opening statement. This has already been addressed by the Court in Plaintiff's Motion in Limine #2 and this Motion is GRANTED.

12. Defendants move to exclude theories of recovery or damages not in the pleadings. Defendants give no explanation of what theories they expect Plaintiff will argue outside the pleadings. Plaintiff does not appear to know what Defendants are referring to, either. The Court finds this Motion too vague and premature to grant. Any issue that arises at trial can be addressed at trial. This Motion is DENIED.

13. Defendants move for the parties to adhere to FRE 408 and prohibit mention of settlement offers or proposals. The Court agrees with Plaintiff that this is not a proper subject for a motion in limine, as this rule applies to all cases. In any event, the rule of evidence applies. This Motion is GRANTED.

14. Defendants move to preclude Plaintiff from "mentioning or discussing any reports, complaints, legal demands, lawsuits, claims, verdicts, settlements or other actions pursued by any other individual against Defendants." Dkt. #25 at 14. Defendants argue that other cases against Defendants are not relevant as this case has no claim premised on a "pattern and practice" or "disparate impact" theory. *Id.* Plaintiff responds that he has not included such evidence in his proposed exhibits, but that at trial "a permissible use for this kind of other-claims evidence may arise." Dkt. # 33 at 16. The Court would

expect Plaintiff to have presented a more concrete response if he intended to offer this kind of evidence, and agrees with Defendants that such evidence should be excluded. This Motion is GRANTED.

15. Finally, Defendants move to preclude any "golden rule" argument asking jurors to place themselves in the shoes of a party. Defendants also ask that the Court prohibit statements asking the jury to serve as the "conscience of the community" or that the jury "send a message" by entering a certain verdict. Plaintiff agrees that "golden rule" arguments are improper with respect to damages. Dkt. #33 at 17. Plaintiff cites case law supporting the position that jurors may be asked to place themselves in the shoes of a party with respect to issues of liability, and that "conscience of the community" and "send a message" arguments are appropriate in cases seeking punitive damages. *Id*. The Court agrees with Plaintiff and will permit those arguments. *See Shultz v. Rice*, 809 F.2d 643, 652 (9th Cir. 1986); *Ochoa v. Santa Clara Cty. Office*, 2017 U.S. Dist. LEXIS 191844, *9 (N.D. Cal. Nov. 20, 2017); *Settlegoode v. Portland Pub. Schs*, 371 F.3d 503, 519 (9th Cir. 2004). This Motion is DENIED IN PART.

## V. CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that the above Motions in Limine (Dkts. #25, #26, and #27) are GRANTED, DENIED, AND DEFERRED as stated above.

DATED this 20th day of September 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE