Chief Judge Ricardo S. Martinez

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| TROY COACHMAN,<br><br>                              Plaintiff,<br><br>     v.<br><br>SEATTLE AUTO MANAGEMENT, INC.<br>dba MERCEDES BENZ OF SEATTLE and<br>AL MONJAZEB,<br><br>                              Defendants. | No.  2:17-cv-00187-RSM<br><br>JOINT JURY INSTRUCTIONS |

Pursuant to Local Rules W.D. Wash. LCR 51, the parties respectfully submit the following agreed-upon jury instructions.

Dated this 26th day of September, 2018.

WILLIAMS, KASTNER & GIBBS PLLC

s/*Jeffery Wells*

Sheryl J. Willert, WSBA #08617
Jeffery M. Wells, WSBA #45840
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Phone: (206) 628-6600
Email: swillert@williamskastner.com
          jwells@williamskastner.com

*Attorneys for Defendants*

FRANK FREED SUBIT & THOMAS LLP

s/ *Beth Bloom*

Beth Barrett Bloom, WSBA No. 31702
Anne Silver, WSBA No. 51695
705 Second Avenue, Suite 1200
Seattle, Washington 98104
Phone: (206) 682-6711
bbloom@frankfreed.com
asilver@frankfreed.com

*Attorneys for Plaintiff*

JOINT JURY INS.
(2:17-cv-00187) – 1

1

SCHROETER GOLDMARK & BENDER

2

*s/ Jamal Whitehead*

3    Jamal N. Whitehead, WSBA No. 39818
     810 Third Avenue, Suite 500

4    Seattle, WA  98104
     Phone: (206) 622-8000

5    whitehead@sgb-law.com

6    *Attorneys for Plaintiff*

7

8

9

10

| No. | Title | Source | Page No. |
|-----|-------|--------|----------|
| 1. | Duty of Jury (End of Trial) | 9th Cir. 1.4 | 4 |
| 2. | Unconscious Bias Instruction | WPIC 1.01 (modified) | 5 |
| 3. | Burden of Proof- Preponderance of Evidence | 9th Cir. 1.6 | 6 |
| 4. | What is Evidence | 9th Cir. 1.9 | 7 |
| 5. | What is Not Evidence | 9th Cir. 1.10 | 8 |
| 6. | Direct and Circumstantial Evidence | 9th Cir. 1.12 | 10 |
| 7. | Ruling on Objections | 9th Cir. 1.13 | 11 |
| 8. | Credibility of Witnesses | 9th Cir. 1.14 | 12 |
| 9. | Conduct of the Jury | 9th Cir. 1.15 | 14 |
| 10. | No Transcript Available to the Jury | 9th Cir. 1.17 | 17 |
| 11. | Taking Notes | 9th Cir. 1.18 | 18 |
| 12. | Bench Conferences | 9th Cir. 1.20 | 19 |
| 13. | Outline of Trial | 9th Cir. 1.21 | 20 |
| 14. | Stipulation of Facts | 9th Cir. 2.2 | 21 |

JOINT JURY INS.
(2:17-cv-00187) – 2

| No. | Title | Source | Page No. |
|---|---|---|---|
| 15. | Judicial Notice | 9th Cir. 2.3 | 22 |
| 16. | Deposition in Lieu of Live Testimony | 9th Cir. 2.4 | 23 |
| 17. | Impeachment Evidence | 9th Cir. 2.9 | 24 |
| 18. | Use of Interrogatories | 9th Cir. 2.11 | 25 |
| 19. | Expert Opinion | 9th Cir. 2.13 | 26 |
| 20. | Charts and Summaries Not Received in Evidence | 9th Cir. 2.14 | 27 |
| 21. | Charts and Summaries Received in Evidence | 9th Cir. 2.15 | 28 |
| 22. | Duty to Deliberate | 9th Cir. 3.1 | 29 |
| 23. | Consideration of the Evidence – Conduct of Jury | 9th Cir. 3.2 | 30 |
| 24. | Communication with Court | 9th Cir. 3.3 | 33 |
| 25. | Substantial Factor | WPIC 330.01.01 | 34 |
| 26. | Disability Discrimination—Disparate Treatment (ADA) | 9th Cir. 12.1 | 35 |
| 27. | Disability Discrimination—Reasonable Accommodation (WLAD) | WPIC 330.33 (modified) | 36 |
| 28. | Aggravation of Pre-Existing Condition | WPIC 30.17 | 38 |
| 29. | Mortality Tables | WPIC 34.04 (modified) | 39 |
| 30. | Return of Verdict | 9th Cir. 3.5 | 40 |

**Instruction No. 1**

**DUTY OF JURY**

**(COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)**

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law that applies to this case. Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Authority:  Manual of Model Jury Instructions for the Ninth Circuit, 2017 Edition, Civil Jury Instruction 1.4.

JOINT JURY INS.
(2:17-cv-00187) – 4

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

**Instruction No. 2**

**UNCONSCIOUS BIAS INSTRUCTION**

It is important that you discharge your duties without discrimination, meaning that bias regarding the race, color, religious beliefs, national origin, sexual orientation, gender, or disability of any party, any witnesses, and the lawyers should play no part in the exercise of your judgment throughout the trial. These are called "conscious biases."

However, there is another more subtle tendency at work that we must all be aware of. This part of human nature is understandable but must play no role in your service as jurors. In our daily lives, there are many issues that require us to make quick decisions and then move on. In making these daily decisions, we may well rely upon generalities, even what might be called biases or prejudices. That may be appropriate as a coping mechanism in our busy daily lives but bias and prejudice can play no part in any decisions you might make as a juror. Your decisions as jurors must be based solely upon an open-minded, fair consideration of the evidence that comes before you during trial.

Authority:  Washington Pattern Jury Instr. Civ. WPI 1.01 (6th ed.), as modified.

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

**Instruction No. 3**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority:  Manual of Model Jury Instructions for the Ninth Circuit, 2017 Edition, Civil Jury Instruction 1.6.

JOINT JURY INS.
(2:17-cv-00187) – 6

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

**Instruction No. 4**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

      1.     the sworn testimony of any witness;

      2.     the exhibits that are admitted into evidence;

      3.     any facts to which the lawyers have agreed; and

      4.     any facts that I [may instruct] [have instructed] you to accept as proved.

Authority:  Manual of Model Jury Instructions for the Ninth Circuit, 2017 Edition, Civil Jury

Instruction 1.9.

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

**Instruction No. 5**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered. In addition some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)     Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

<u>Authority</u>:  Manual of Model Jury Instructions for the Ninth Circuit, 2017 Edition, Civil Jury

Instruction 1.10.

1

2

**Instruction No. 6**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

3          Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact,

4  such as testimony by a witness about what that witness personally saw or heard or did.

5  Circumstantial evidence is proof of one or more facts from which you could find another

6  fact. You should consider both kinds of evidence. The law makes no distinction between the

7  weight to be given to either direct or circumstantial evidence. It is for you to decide how

8  much weight to give to any evidence.

9          By way of example, if you wake up in the morning and see that the sidewalk

10  is wet, you may find from that fact that it rained during the night. However, other

11  evidence, such as a turned on garden hose, may provide a different explanation for the

12  presence of water on the sidewalk. Therefore, before you decide that a fact has been

13  proved by circumstantial evidence, you must consider all the evidence in the light of

14  reason, experience and common sense.

15

16

17  <u>Authority</u>:  Manual of Model Jury Instructions for the Ninth Circuit, 2017 Edition, Civil Jury

18  Instruction 1.12.

19

20

21

22

23

24

25

JOINT JURY INS.
(2:17-cv-00187) – 10

**Instruction No. 7**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Authority:  Manual of Model Jury Instructions for the Ninth Circuit, 2017 Edition, Civil Jury Instruction 1.13.

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

### Instruction No. 8

### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Authority:  Manual of Model Jury Instructions for the Ninth Circuit, 2017 Edition, Civil Jury Instruction 1.14.

JOINT JURY INS.
(2:17-cv-00187) – 13

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

**Instruction No. 9**

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

JOINT JURY INS.
(2:17-cv-00187) – 15

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA  98104
Phone (206) 622-8000 • Fax (206) 682-2305

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

Authority:  Manual of Model Jury Instructions for the Ninth Circuit, 2017 Edition, Civil Jury Instruction 1.15.

JOINT JURY INS.
(2:17-cv-00187) – 16

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

**Instruction No. 10**

**NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

<u>Authority</u>:  Manual of Model Jury Instructions for the Ninth Circuit, 2017 Edition, Civil Jury Instruction 1.17.

JOINT JURY INS.
(2:17-cv-00187) – 17

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

**Instruction No. 11**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

<u>Authority</u>:  Manual of Model Jury Instructions for the Ninth Circuit, 2017 Edition, Civil Jury Instruction 1.18.

JOINT JURY INS.
(2:17-cv-00187) – 18

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

**Instruction No. 12**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority:  Manual of Model Jury Instructions for the Ninth Circuit, 2017 Edition, Civil Jury Instruction 1.20.

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

**Instruction No. 13**

**OUTLINE OF TRIAL**

Trials proceed in the following way:  First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross examine. Then the defendant may present evidence, and counsel for the plaintiff may cross examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Authority:  Manual of Model Jury Instructions for the Ninth Circuit, 2017 Edition, Civil Jury Instruction 1.21.

JOINT JURY INS.
(2:17-cv-00187) – 20

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

**Instruction No. 14**

**STIPULATION OF FACT**

The parties have agreed to certain facts [to be placed in evidence as Exhibit ___] [that will be read to you]. You must therefore treat these facts as having been proved.

<u>Authority</u>:  Manual of Model Jury Instructions for the Ninth Circuit, 2017 Edition, Civil Jury Instruction 2.2.

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

**Instruction No. 15**

**JUDICIAL NOTICE**

The court has decided to accept as proved the fact that [state fact]. You must accept this fact as true.

<u>Authority</u>:  Manual of Model Jury Instructions for the Ninth Circuit, 2017 Edition, Civil Jury Instruction 2.3.

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

**Instruction No. 16**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

**\*To be read immediately before deposition testimony is read or played for the jury\***

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [name of witness] was taken on [date]. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.].

Authority:  Manual of Model Jury Instructions for the Ninth Circuit, 2017 Edition, Civil Jury Instruction 2.4.

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Instruction No. 17**

**IMPEACHMENT EVIDENCE—WITNESS**

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

<u>Authority</u>:  Manual of Model Jury Instructions for the Ninth Circuit, 2017 Edition, Civil Jury Instruction 2.9.

JOINT JURY INS.
(2:17-cv-00187) – 24

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

**Instruction No. 18**

**USE OF INTERROGATORIES**

**\*To be read immediately before the responses are read into the record\***

Evidence will now be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

Authority:  Manual of Model Jury Instructions for the Ninth Circuit, 2017 Edition, Civil Jury Instruction 2.11.

JOINT JURY INS.
(2:17-cv-00187) – 25

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

**Instruction No. 19**

**EXPERT OPINION**

**\*To be read immediately before expert testimony is given\***

You are about to hear testimony from [name] who will testify to opinions and the reasons for [his] [her] opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

<u>Authority</u>:  Manual of Model Jury Instructions for the Ninth Circuit, 2017 Edition, Civil Jury Instruction 2.13.

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

**Instruction No. 20**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

<u>Authority</u>:  Manual of Model Jury Instructions for the Ninth Circuit, 2017 Edition, Civil Jury Instruction 2.14.

x

JOINT JURY INS.
(2:17-cv-00187) – 27

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

**Instruction No. 20**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

<u>Authority</u>:  Manual of Model Jury Instructions for the Ninth Circuit, 2017 Edition, Civil Jury Instruction 2.14.

JOINT JURY INS.
(2:17-cv-00187) – 27

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

**Instruction No. 21**

**CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

Certain charts and summaries [may be] [have been] admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Authority:  Manual of Model Jury Instructions for the Ninth Circuit, 2017 Edition, Civil Jury Instruction 2.15.

**Instruction No. 22**

**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority:  Manual of Model Jury Instructions for the Ninth Circuit, 2017 Edition, Civil Jury Instruction 3.1.

JOINT JURY INS.
(2:17-cv-00187) – 29

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

**Instruction No. 23**

**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1    about the case on your own. Do not visit or view any place discussed in this

2    case, and do not use Internet programs or other devices to search for or view

3    any place discussed during the trial. Also, do not do any research about this

4    case, the law, or the people involved—including the parties, the witnesses or

5    the lawyers—until you have been excused as jurors. If you happen to read or

6    hear anything touching on this case in the media, turn away and report it to me

7    as soon as possible.

8    These rules protect each party's right to have this case decided only on evidence that

9    has been presented here in court. Witnesses here in court take an oath to tell the truth, and the

10   accuracy of their testimony is tested through the trial process. If you do any research or

11   investigation outside the courtroom, or gain any information through improper

12   communications, then your verdict may be influenced by inaccurate, incomplete or

13   misleading information that has not been tested by the trial process. Each of the parties is

14   entitled to a fair trial by an impartial jury, and if you decide the case based on information

15   not presented in court, you will have denied the parties a fair trial. Remember, you have

16   taken an oath to follow the rules, and it is very

17   important that you follow these rules.

18   A juror who violates these restrictions jeopardizes the fairness of these proceedings,

19   and a mistrial could result that would require the entire trial process to start over. If any juror

20   is exposed to any outside information, please notify the court immediately.

21

22

23

24

25

JOINT JURY INS.
(2:17-cv-00187) – 31

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

Authority:  Manual of Model Jury Instructions for the Ninth Circuit, 2017 Edition, Civil Jury

Instruction 3.2.

**Instruction No. 24**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

Authority:  Manual of Model Jury Instructions for the Ninth Circuit, 2017 Edition, Civil Jury Instruction 3.3.

JOINT JURY INS.
(2:17-cv-00187) – 33

1

2

**Instruction No. 25**

**SUBSTANTIAL FACTOR**

3

4

5

"Substantial factor" means a significant motivating factor in bringing about the employer's decision. "Substantial factor" does not mean the only factor or the main factor in the challenged act or decision.

6

7

8

Authority:  Washington Pattern Jury Instr. Civ. WPI 330.01.01 (6th ed.).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

JOINT JURY INS.
(2:17-cv-00187) – 34

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

**Instruction No. 26**

**DISABILITY DISCRIMINATION—DISPARATE TREATMENT**

**(AMERICAN WITH DISABILITIES ACT)**

Mr. Coachman claims that his disability was the reason for the defendant's decision to discharge him. To succeed on this claim, Mr. Coachman has the burden of proving the following by a preponderance of the evidence:

1. He has a disability as that term is defined earlier in these instructions;

2. He was a qualified individual as that term is defined later in these instructions; and

3. He was discharged because of the plaintiff's disability.

If you find that Mr. Coachman has proved all of these elements, your verdict should be for him. If, on the other hand, Mr. Coachman has failed to prove any of these elements, your verdict should be for the Defendants.

Authority: Manual of Model Jury Instr. for the 9th Cir., 2017 Edition, Civil Jury Instruction 12.1

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

**Instruction No. 27**

**Disability Discrimination—Reasonable Accommodation**

**(Washington Law Against Discrimination)**

Discrimination in employment on the basis of disability is prohibited. One form of unlawful discrimination is a failure to reasonably accommodate an employee's disability.

To establish his claim of discrimination on the basis of failure to reasonably accommodate a disability, Mr. Coachman has the burden of proving each of the following propositions:

(1) That he had an impairment that is medically recognizable or diagnosable or exists as a record or history; and

(2) That either

    (a) the employee gave the employer notice of the impairment; or

    (b) no notice was required to be given because the employer knew about the employee's impairment; and

(3) That either:

    (a) the impairment had a substantially limiting effect on

        (i) his ability to perform his job; or

        (ii) his ability to access equal benefits, privileges, terms or conditions of employment; or

    (b) Mr. Coachman has provided medical documentation to the employer establishing a reasonable likelihood that working without an accommodation would aggravate the impairment to the extent it would create a substantially limiting effect;

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1    and

2    (4) That he would have been able to perform the essential functions of the job in

3         question with reasonable accommodation; and

4    (5) That the employer failed to reasonably accommodate the impairment.

5         In determining whether an impairment has a substantially limiting effect, a limitation

6    is not substantial if it has only a trivial effect.

7         If you find from your consideration of all of the evidence that each of these

8    propositions has been proved, then your verdict should be for the plaintiff on this claim. On

9    the other hand, if any of these propositions has not been proved, your verdict should be for

10   the employer on this claim.

11

12

13   <u>Authority</u>:  Washington Pattern Jury Instr. Civ. WPI 330.33 (6th ed.), as modified.

14

15

16

17

18

19

20

21

22

23

24

25

JOINT JURY INS.
(2:17-cv-00187) – 37

**Instruction No. 28**

**AGGRAVATION OF PRE-EXISTING CONDITION**

If your verdict is for Troy Coachman, and if you find that:

(1)     Before his termination, Troy Coachman had a pre-existing bodily or mental condition that was causing pain or disability; and

(2)     Because of his termination the condition or the pain or the disability was aggravated,

then you should consider the degree to which the condition or the pain or disability was aggravated by this occurrence. However, you should not consider any condition or disability that may have existed prior to the termination, or from which Troy Coachman may now be suffering, that was not caused or contributed to by his termination.

<u>Authority</u>: Washington Pattern Jury Instr. Civ. WPI 30.17 (6th ed.)

JOINT JURY INS.
(2:17-cv-00187) – 38

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

**Instruction No. 29**

**MORTALITY TABLES**

Troy Coachman is currently 54 years old. According to mortality tables, the average expectancy of life of a man aged 54 years is 24.82 years. This one factor is not controlling, but should be considered in connection with all the other evidence bearing on the same question, such as that pertaining to the health, habits, and activity of the person whose life expectancy is in question.

Authority: Washington Pattern Jury Instr. Civ. WPI 34.04 (6th ed.), as modified.

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

## Instruction No. 30

## RETURN OF VERDICT

A verdict form has been prepared for you. [Explain verdict form as needed.] After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom

<u>Authority</u>:  Manual of Model Jury Instructions for the Ninth Circuit, 2017 Edition, Civil Jury Instruction 3.5.

JOINT JURY INS.
(2:17-cv-00187) – 40

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1

**CERTIFICATE OF SERVICE**

2

I hereby certify under penalty of perjury of the laws of the United States that a copy

3

of the foregoing document was forwarded for service upon counsel of record:

4

5  Sheryl J. Willert, WSBA # 08617          ☐  Via Facsimile
   Jeffery M. Wells, WSBA #45840            ☐  Via First Class Mail
6  WILLIAMS, KASTNER & GIBBS, PLLC
   601 Union Street, Suite 4100             ☐  Via Messenger
   Seattle, WA 98101-2380
7  Tel: (206) 628-6600                      ☐  Via Email
   swillert@williamskastner.com             ☒  Via CM/ECF
8  jwells@williamskastner.com
   *Attorneys for Defendants*

9

10      DATED this 26th day of September, 2018, at Seattle, Washington.

11

12                                          SCHROETER GOLDMARK & BENDER

13                                          *s/ Virginia Mendoza*
                                            _____
                                            Virginia Mendoza, Legal Assistant
14                                          810 Third Avenue, Suite 500
                                            Seattle, WA  98104
15                                          Tel: (206) 622-8000
                                            Mendoza@sgb-law.com

16

17

18

19

20

21

22

23

24  JOINT JURY INS.                         SCHROETER GOLDMARK & BENDER
    (2:17-cv-00187) – 41                    500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
25                                          Phone (206) 622-8000 ● Fax (206) 682-2305