Chief Judge Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TROY COACHMAN,<br><br>       Plaintiff,<br><br>   v.<br><br>SEATTLE AUTO MANAGEMENT INC.<br>dba MERCEDES BENZ OF SEATTLE and<br>AL MONJAZEB,<br><br>       Defendants. | NO.  2:17-cv-00187 RSM<br><br>JOINT STATEMENT OF DISPUTED<br>JURY INSTRUCTIONS AND PROPOSED<br>VERDICT FORMS |

Plaintiff Troy Coachman, by and through his counsel (Frank Freed Subit & Thomas LLP and Schroeter Goldmark & Bender), and Defendants Seattle Auto Management Inc. and Al Monjazab, by and through their counsel (Williams, Kastner & Gibbs PLLC), submit the following Joint Statement of Disputed Instructions pursuant to LCR 51, and proposed Verdict Forms, in anticipation of trial set to begin on Monday, October 1, 2018.

## DISPUTED JURY INSTRUCTIONS

| No. | Title | Source | Page No. |
|---|---|---|---|
| 1 Plaintiff | Duty of Jury (Beginning of Trial, No Written Instructions) | 9th Cir. 1.3 | 5 |
| 2 Plaintiff | Claims and Defenses | 9th Cir. 1.5 | 6 |
| 3 Plaintiff | Corporation Acts Through Its Employees | WPIC 50.18 (modified) | 8 |

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS AND
PROPOSED VERDICT FORMS - 1
(C17-00187-RSM)
6622845.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

| No. | Title | Source | Page No. |
|---|---|---|---|
| 4 Plaintiff | Definition of Disability | 9th Cir. 12.2 (modified); 42 U.S.C. § 12102 (Definition of Disability); WPIC 330.31 and 330.31.01 | 9 |
| 5 Plaintiff | Disability Discrimination—Disparate Treatment (WLAD) | WPIC 330.32 | 10 |
| 6 Plaintiff | Pretext | 5th Cir. Jury Instructions 11.1 (Title VII – Discrimination); *see Farah v. Hertz Transporting, Inc.*, 196 Wn. App. 171, 383 P.3d 552 (2016); *see also Townsend v. Lumbermens Mut. Cas. Co*, 294 F.3d 1232, 1241 (10th Cir. 2002); *citing with approval Smith v. Borough of Wilkinsburg*, 147 F.3d 272, 280 (3rd Cir. 1998); *Deboom v. Raining Rose, Inc.*, 772 N.W.2d 1, 11 (Iowa 2009) | 11 |
| 7 Plaintiff | Disability Discrimination—Reasonable Accommodation—Definition (Washington Law Against Discrimination) | WPIC 330.34 (modified), *Davis v. Microsoft Corp.,* 149 Wn.2d 521, 536-37, 70 P.3d 126, 134 (2003), *citing Dean v. Mun. of Metro. Seattle,* 104 Wn.2d 627, 636-39, 708 P.2d 393 (1985); *Goodman v. Boeing Co.,* 127 Wn.2d 401, 408 (1995) | 12 |
| 8 Plaintiff | Disability Discrimination—Reasonable Accommodation (Americans with Disabilities Act) | 9th Cir. 12.7 (modified); *Brady v. Wal-Mart Stores, Inc.,* 531 F.3d 127 (2d Cir. 2008); *Humphrey v. Mem'l Hosps. Ass'n,* 239 F.3d 1128, 1138 (9th Cir. 2001); *Kimbro v. Atlantic Richfield Co.*, 889 F.2d 869, 879 (9th Cir. 1989); *Dorsey v. CHS, Inc.,* 15-CV-02735-R J, 2017 WL 1356093, at *1 (D. Colo. Apr. 13, 2017); *Goodman v. Boeing Co.*, 127 Wn.2d 401, 408 (1995) | 14 |
| 9 Plaintiff | Reasonable Accommodation—Continuing Duty | *Humphrey v. Mem'l Hosp. Ass'n.*, 239 F.3d 1128, 1138 (9th Cir. 2001); *Frisino v. Seattle School Dist. No. 1,* 160 Wn. App. 765, 779-82 (2011); *Griffith v. Boise Cascade Inc.,* 111 Wn. App. 436, 442 (2002) | 17 |

| No. | Title | Source | Page No. |
|---|---|---|---|
| 10 Plaintiff | Interactive Process | *Zivkovic v. S. Cal. Edison Co.*, 302 F. 3d 1080, 1089 (9th Cir. 2002); *Vinson v. Thomas,* 288 F.3d 1145, 1154 (9th Cir. 2002); *Humphrey v. Mem'l Hosp. Ass'n,* 239 F.3d 1128, 1137 (9th Cir. 2001); *Frisino v. Seattle Sch. Dist. No. 1,* 160 Wn. App. 765, 781-83, (2011); *Goodman* v. *Boeing*, 127 Wn.2d 401 | 18 |
| 11 Plaintiff | Undue Hardship | 9th Cir. 12.8 | 20 |
| 12 Plaintiff | Qualified Individual | 9th Cir. 12.5 (modified) | 22 |
| 13 Plaintiff | Essential Functions | 9th Cir. 12.6 (modified) | 23 |
| 14 Plaintiff | Damages—Employment Discrimination | WPIC 330.81 (modified) | 25 |
| 15 Plaintiff | Proximate Cause—Substantial Factor Test | WPIC 15.02 | 27 |
| 16 Plaintiff | Particular Susceptibility | WPIC 30.18.01 | 28 |
| 17 Plaintiff | Punitive Damages | 9th Cir. 5.5 | 29 |
| 18 Defendants | Duty of Jury (Beginning of Trial, Written Instructions) | 9th Cir. 1.2 | 31 |
| 19 Defendants | Publicity During Trial | 9th Cir. 1.16 | 32 |
| 20 Defendants | Federal and State Law Claims | | 33 |
| 21 Defendants | ADA—Qualified Individual | 9th Cir. 12.5 | 34 |
| 22 Defendants | Ability to Perform Essential Functions—Factors | 9th Cir. 12.6 (modified) | 35 |
| 23 Defendants | ADA—Reasonable Accommodation | 9th Cir. 12.7 (modified) | 37 |
| 24 Defendants | No Interactive Process Required | *Fey v. State*, 174 Wn. App. 435, 453 (2013); *Osborne v. Recreational Equip., Inc.*, 2016 Wn. App. LEXIS 2682, *29 (2016) | 40 |
| 25 Defendants | ADA—Undue Hardship | 9th Cir. 12.8 (modified) | 41 |

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS AND
PROPOSED VERDICT FORMS - 3
(C17-00187-RSM)
6622845.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

| No. | Title | Source | Page No. |
|---|---|---|---|
| 26 Defendants | Disability Discrimination | WPIC 330.32 (modified) | 43 |
| 27 Defendants | Damages—Employment Discrimination—Economic and Non-Economic | WPIC 330.81 (modified) | 44 |
| 28 Defendants | [Alternative] Damages—Economic and Non-Economic—After-Acquired Evidence | WPIC 330.81 (modified) | 46 |
| 29 Defendants | WPI 330.83 Damages—Mitigation—Wage Loss | WPIC 330.83 | 49 |
| 30 Defendants | Damages—After-Acquired Evidence | WPIC 330.81.02 (modified) | 51 |
| 31 Defendants | Exemplary or Punitive Damages | WPIC 35.01 | 52 |
| 32 Defendants | Offer of Reinstatement | *Ford Motor Co. v. EEOC*, 458 U.S. 219 (1982); *Kastanis v. Educ. Emps. Credit Union*, 122 Wn.2d 483, 500-01, 859 P.2d 26, 35 (1993) | 53 |
| 33 Defendants | Deadlocked Jury | 9th Cir. 3.7 | 55 |

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS AND
PROPOSED VERDICT FORMS - 4
(C17-00187-RSM)
6622845.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

**Plaintiff's Proposed Jury Instruction No. 1**

**INSTRUCTION NO. _____**

**(DUTY OF JURY)**

**(COURT READS INSTRUCTIONS AT THE BEGINNING OF TRIAL
BUT DOES NOT PROVIDE WRITTEN COPIES)**

Members of the jury:  You are now the jury in this case.  It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions.  It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

**Plaintiff's Authority:**  Ninth Circuit Manual of Model Jury Instructions Civil 1.3.

**Defendants' Objection:**   Defendants object to Plaintiff's request that the Court read the substantive instructions on the law at the beginning of trial.  Ninth Circuit Model Instruction 3.1 instructs the jury not to decide the case until after considering all of the evidence.   Its Defendants position that instructing the jury on the law at the outset of the case will discourage the jurors from giving a fair consideration to all of the evidence. Furthermore, the parties have agreed to submit Ninth Circuit Model Instruction No. 1.4, which indicates that the Court will instruct the jury on the substantive law at the conclusion of the case.

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**<u>Plaintiff's Proposed Jury Instruction No. 2</u>**

**INSTRUCTION NO. _____**

**(CLAIMS AND DEFENSES)**

This is a civil case brought by Troy Coachman against his former employer Mercedes Benz of Seattle, and its owner, Al Monjazeb.

Mr. Coachman, the plaintiff, worked for Mercedes Benz Seattle as its Finance Director. He was diagnosed with vocal cord cancer in March 2014, and eventually had surgery in September of the same year, which required the complete removal of his vocal cords. Following his surgery, Mr. Coachman took unpaid medical leave and began using a voice prosthetic to speak. Mercedes Benz Seattle and Mr. Monjazeb fired Mr. Coachman before he returned from leave.

Mr. Coachman contends that the Defendants violated the Americans with Disabilities Act and the Washington Law Against Discrimination by (1) firing him because of his voice disability when he could do his job, and (2) failing to work with him to find a reasonable disability accommodation to the extent Defendants had concerns about Mr. Coachman's ability to do his job.

As a result of Defendants' unlawful actions, Mr. Coachman has suffered harms and losses in amounts to be established by you, the Jury.

Mr. Coachman has the burden of proving these claims.

The Defendants deny those claims [and also contends that [defendant's counterclaims and/or affirmative defenses]]. [The defendant has the burden of proof on these [counterclaims and/or affirmative defenses.]]

[The plaintiff denies [defendant's counterclaims and/or affirmative defenses].]

**<u>Plaintiff's Authority:</u>** Ninth Circuit Manual of Model Jury Instructions Civil 1.5 (modified).

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS AND
PROPOSED VERDICT FORMS - 6
(C17-00187-RSM)
6622845.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1   **Defendants' Objection:**  Defendants object to Plaintiff's statement of the case.  If the Court is

2   inclined to provide a statement of the case, Defendants ask the Court to incorporate an agreed

3   statement.

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS AND
PROPOSED VERDICT FORMS - 7
(C17-00187-RSM)
6622845.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

**Plaintiff's Proposed Jury Instruction No. 3**

2

**INSTRUCTION NO. _____**

3

**(CORPORATION ACTS THROUGH ITS EMPLOYEES)**

4       Defendant Mercedes Benz of Seattle is a corporation.  A corporation can act only

5 through its owners, officers and employees.  Any act or omission of an officer or employee is

6 the act or omission of the corporation.

7 **Plaintiff's Authority:**  WPIC 50.18 (modified).

8 **Defendants' Objection:**  As noted in the comments, WPI 50.18 is only appropriate when there

9 are *no* issues with respect to the scope of agency or scope of employment.  Defendants do not

10 agree with this instruction to the extent that it suggests that Defendants are bound by the

11 conduct of every employee.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS AND
PROPOSED VERDICT FORMS - 8
(C17-00187-RSM)
6622845.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

**<u>Plaintiff's Proposed Jury Instruction No. 4</u>**

2

**INSTRUCTION NO. _____**

3

**(DEFINITION OF DISABILITY)**

4

The term "disability" means:

5     A.     a physical or mental impairment that substantially limits one or more major life

6            activities of such individual; or

7     B.     a record of such an impairment; or

8     C.     being regarded or perceived as having such an impairment.

9     The terms disability and physical or mental impairment include any physiological

10    disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the

11    following body systems, including respiratory and speech organs.

12    Major life activities are the normal activities of living that a nondisabled person can do

13    with little or no difficulty, such as speaking, breathing, communicating, and working.

14    A disability may exist whether it is temporary or permanent, common or uncommon,

15    mitigated or unmitigated, whether or not it limits the ability to work generally or work at a

16    particular job, or whether or not it limits any other activity.

17    The defendants admit that Mr. Coachman is disabled within the meaning of the law.

18    **<u>Plaintiff's Authority:</u>**  Ninth Circuit Manual of Model Jury Instructions Civil 12.2 (modified);
      42 U.S.C. § 12102 (Definition of Disability); WPIC 330.31 and 330.31.01.

19

20    **<u>Defendants' Objection:</u>**  Defendants request that the Court use Ninth Circuit Model Instruction

21    12.2, with a modification removing the reference to perceived disability, as Plaintiff is not

22    pursuing a claim on perceived disability.

23

24

25

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS AND
PROPOSED VERDICT FORMS - 9
(C17-00187-RSM)
6622845.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## Plaintiff's Proposed Jury Instruction No. 5

## INSTRUCTION NO. _____

### (DISABILITY DISCRIMINATION—DISPARATE TREATMENT

### WASHINGTON LAW AGAINST DISCRIMINATION)

Discrimination in employment on the basis of disability is prohibited.

To establish his claim of discrimination on the basis of disability, Mr. Coachman has the burden of proving each of the following propositions:

(1) That he has a disability or was perceived to have a disability;

(2) That he is able to perform the essential functions of the job in question with or without a reasonable accommodation; and

(3) That his disability or the perception of his disability was a substantial factor in Defendants' decision to terminate him.  Mr. Coachman does not have to prove that disability or perceived disability was the only factor or the main factor in the decision.   Nor does Mr. Coachman have to prove that he would have been retained but for his disability.

If you find from your consideration of all of the evidence that each of these propositions has been proved, then your verdict should be for Mr. Coachman on this claim.  On the other hand, if any of these propositions has not been proved, your verdict should be for Defendants on this claim.

**Plaintiff's Authority:**  WPIC 330.32.

**Defendants' Objection:**  Defendants object to the instruction to the extent that it includes language regarding a perceived disability.  Plaintiff is not pursuing a claim based on a perceived disability.

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

<u>**Plaintiff's Proposed Jury Instruction No. 6**</u>

**INSTRUCTION NO. _____**

**(PRETEXT)**

If you find that Defendants' stated reasons for terminating Mr. Coachman are unworthy of belief, you may, but are not required to, infer that Defendants discriminated against Mr. Coachman on the basis of his disability.

<u>**Plaintiff's Authority:**</u>  Fifth Circuit Pattern Jury Instructions (Civil Cases), 2014 Edition, revised Oct. 2016, Civil Jury Instruction 11.1 (Title VII – Discrimination); *see Farah v. Hertz Transporting, Inc.*, 196 Wn. App. 171, 176, 181, 383 P.3d 552 (2016) (while such "pretext instruction" might be appropriate, the arguments in its favor are not compelling enough to hold that it is an abuse of discretion to refuse to give the instruction); *see also Townsend v. Lumbermens Mut. Cas. Co*, 294 F.3d 1232, 1241 (10th Cir. 2002) ("hold[ing] that in cases such as this, a trial court must instruct jurors that if they disbelieve an employer's proffered explanation they may—but need not—infer that the employer's true motive was discriminatory"; and that the refusal to give an instruction identical to the 8th Circuit Court of Appeals' Model Instruction was not harmless error); *citing with approval Smith v. Borough of Wilkinsburg*, 147 F.3d 272, 280 (3rd Cir. 1998) ("It is difficult to understand what end is served by reversing the grant of summary judgment for the employer on the ground that the jury is entitled to infer discrimination from pretext … if the jurors are never informed that they may do so."); *Deboom v. Raining Rose, Inc.*, 772 N.W.2d 1, 11 (Iowa 2009) ("If the plaintiff … presents evidence of pretext, failure to provide a pretext instruction will result in prejudice.").

<u>**Defendants' Objection:**</u>  Defendants object to this instruction, which is not used in the Ninth Circuit or in Washington.  The cases cited by Plaintiff also suggest that the instruction is not warranted. *See e.g., Farah v. Hertz Transporting, Inc*., 196 Wn. App. 171, 181 (2016) (Agreeing with the Circuit Courts that have held that the instruction is not required: "[w]hile the instruction might be appropriate, the arguments in its favor are not compelling enough to hold that it is an abuse of discretion to refuse to give the instruction) citing *Browning v. United States*, 567 F.3d 1038 (9th Cir. 2009).

**Plaintiff's Proposed Jury Instruction No. 7**

**INSTRUCTION NO. _____**

**(DISABILITY DISCRIMINATION—REASONABLE ACCOMMODATION—
DEFINITION)**

**(WASHINGTON LAW AGAINST DISCRIMINATION)**

A reasonable accommodation is a measure that enables the proper performance of the essential job functions; or enables the enjoyment of equal benefits, privileges, or terms and conditions of employment that are available to employees without disabilities.

Once an employer is on notice of an impairment, the employer has a duty to inquire about the nature and extent of the impairment. When an impairment is obvious or known, an employee is not required to formally request an accommodation in order for the employer to have sufficient notice of the impairment. The employee has a duty to cooperate with his employer to explain the nature and extent of the employee's impairment and resulting limitations as well as his qualifications.

An employer must provide a reasonable accommodation for an employee with a disability unless the employer can show that the accommodation would impose an undue hardship on the employer. The obligation to reasonably accommodate applies to all aspects of employment, and an employer cannot deny an employment opportunity to a qualified applicant or employee because of the need to provide reasonable accommodation.

There may be more than one reasonable accommodation of a disability.

The duty to accommodate is continuing. If an employer's first attempt at accommodation fails, it must continue to attempt modes of accommodation unless it can demonstrate that remaining modes of accommodation constitute an undue hardship. An employer's previously unsuccessful attempts at accommodation do not give rise to liability if the employer ultimately provides a reasonable accommodation.

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS AND
PROPOSED VERDICT FORMS - 12
(C17-00187-RSM)
6622845.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1   A reasonable accommodation may include adjustments in the manner in which essential

2   functions are carried out, work schedules, scope of work, and changes in the job setting or

3   conditions of employment that enable the person to perform the essential functions of the job.

4   If an employee cannot be accommodated in their current job, the employer must take

5   affirmative steps reasonably calculated to assist the employee finding an alternative position

6   within the company.  The employee's reciprocal duties include informing the employer of his

7   qualifications, applying for all jobs which might fit his abilities, and accepting reasonably

8   compensatory work he could perform.

9   **Plaintiff's Authority:**  WPIC 330.34 (modified), *Davis v. Microsoft Corp.,* 149 Wn.2d 521, 536-37, 70 P.3d 126, 134 (2003), *citing Dean v. Mun. of Metro. Seattle,* 104 Wn.2d 627, 636-

10   39, 708 P.2d 393 (1985); *Goodman v. Boeing Co.,* 127 Wn.2d 401, 408 (1995).

11

12   **Defendants' Objection:**  Object to the final paragraph because it is not part of the model

13   instruction.

14

15

16

17

18

19

20

21

22

23

24

25

**<u>Plaintiff's Proposed Jury Instruction No. 8</u>**

**INSTRUCTION NO. _____**

**(DISABILITY DISCRIMINATION—REASONABLE ACCOMMODATION)**

**(AMERICANS WITH DISABILITIES ACT)**

To establish the defendant's duty to provide a reasonable accommodation, Mr. Coachman must prove, by a preponderance of the evidence, both of the following elements:

(1)   That either:

    (a)   Mr. Coachman requested an accommodation from the Defendants due to a disability; or

    (b)   no notice was required to be given because Defendants knew or believed:

        (i)   Mr. Coachman has a disability; and

        (ii)   Mr. Coachman would experience workplace problems because of the disability

and

(2)   Defendants could have made a reasonable accommodation that would have enabled Mr. Coachman to perform the essential functions of] the job.

Under the ADA, accommodations may include, but are not limited to:

(1)   job restructuring;

(2)   part time or modified work schedules,

(3)   reassignment to a vacant position,

(4)   acquisition or modification of equipment or devices,

(5)   appropriate adjustment or modifications of workplace policies,

(6)   the provision of qualified readers or interpreters, and

(7)   other similar accommodations for individuals with plaintiff's disability.

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS AND
PROPOSED VERDICT FORMS - 14
(C17-00187-RSM)
6622845.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    An employer must provide a reasonable accommodation for an employee with a

2  disability unless the employer can show that the accommodation would impose an "undue

3  hardship" on the employer as that term is defined later in these instructions.

4    There may be more than one reasonable accommodation of a disability.

5    The duty to accommodate is continuing.  If an employer's first attempt at

6  accommodation fails, it must continue to attempt modes of accommodation unless it can

7  demonstrate that remaining modes of accommodation constitute an undue hardship.  An

8  employer's previously unsuccessful attempts at accommodation do not give rise to liability if

9  the employer ultimately provides a reasonable accommodation.

10   You may consider whether a party cooperated in an "interactive process," as that term is

11  later defined in these instructions, in good faith in evaluating the merit of that party's claim that

12  a reasonable accommodation did or did not exist.

13   An employee does not need to demonstrate that a proposed accommodation is certain or

14  even likely to succeed in order to prove that it is a reasonable accommodation.  If the employee

15  can establish the existence of an accommodation that plausibly would have permitted him to

16  perform the essential job duties and the employer offered no accommodation, the employer

17  failed to reasonably accommodate the impairment.

18   If you find from your consideration of all of the evidence that each of these propositions

19  has been proved, then your verdict should be for Mr. Coachman on this claim.  On the other

20  hand, if any of these propositions has not been proved, your verdict should be for Defendants on

21  this claim.

22  **Plaintiff's Authority:**  Ninth Circuit Manual of Model Jury Instructions Civil 12.7 (modified); *Brady v. Wal-Mart Stores, Inc.,* 531 F.3d 127 (2d Cir. 2008); *Humphrey v. Mem'l Hosps. Ass'n,*
23  239 F.3d 1128, 1138 (9th Cir. 2001); *Kimbro v. Atlantic Richfield Co.*, 889 F.2d 869, 879 (9th Cir. 1989); *Dorsey v. CHS, Inc.,* 15-CV-02735-R J, 2017 WL 1356093, at *1 (D. Colo. Apr. 13,
24  2017); *Goodman v. Boeing Co.*, 127 Wn.2d 401, 408 (1995).

25

1  **Defendants' Objection:**  Defendants have proposed the model instruction with modifications

2  to possible accommodations.   Plaintiff's proposed instruction alters Plaintiff's burden with

3  respect to requesting an accommodation.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS AND
PROPOSED VERDICT FORMS - 16
(C17-00187-RSM)
6622845.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

**Plaintiff's Proposed Jury Instruction No. 9**

**INSTRUCTION NO. _____**

**(REASONABLE ACCOMMODATION—CONTINUING DUTY)**

The duty to accommodate is a continuing duty that is not exhausted by one effort.  Trial and error may be necessary as part of the interactive process to satisfy the employer's burden. The employer's obligation to engage in the interactive process extends beyond the first attempt at accommodation when the employee asks for a different accommodation or where the employer is aware that the initial accommodation is failing and further accommodation is needed.

If a reasonable accommodation turns out to be ineffective and the employee with a disability remains unable to perform an essential function, the employer must consider whether there would be an alternative reasonable accommodation that would not pose an undue hardship.  The employer has an obligation to affirmatively take steps to help the disabled employee continue working at the existing position or attempt to find a position compatible with the limitations.

**Plaintiff's Authority:**  *Humphrey v. Mem'l Hosp. Ass'n.*, 239 F.3d 1128, 1138 (9th Cir. 2001); *Frisino v. Seattle School Dist. No. 1*, 160 Wn. App. 765, 779-82 (2011); *Griffith v. Boise Cascade Inc.,* 111 Wn. App. 436, 442 (2002).

**Defendants' Objection:**  Defendant objects to this instruction because it not used in the Ninth Circuit or in Washington.  Moreover, the instruction is repetitive of the duty outlined in Plaintiff's proposed instruction on Reasonable Accommodation under Washington law.

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

## **Plaintiff's Proposed Jury Instruction No. 10**

2

### **INSTRUCTION NO. _____**

3

### **(INTERACTIVE PROCESS)**

4

The law requires that the employer engage in a flexible interactive process in good faith

5

in order to reasonably accommodate an employee's disability. An employer who fails to engage

6

in such an interactive process in good faith is liable for damages if a reasonable accommodation

7

would have been possible.

8

Once an employer becomes aware of the need for accommodation, that employer has a

9

mandatory obligation to engage in an interactive process with the employee to identify and

10

implement appropriate reasonable accommodations.  The interactive process requires (1) direct

11

communication between the employer and employee to explore in good faith the possible

12

accommodations; (2) consideration of the employee's request; and (3) offering an

13

accommodation that is reasonable and effective.

14
15
16
17
18
19
20
21
22
23

**Plaintiff's Authority:**  *Zivkovic v. S. Cal. Edison Co.*, 302 F. 3d 1080, 1089 (9th Cir. 2002) ("The interactive process requires:  (1) direct communication between the employer and employee to explore in good faith the possible accommodations; (2) consideration of the employee's request; and (3) offering an accommodation that is reasonable and effective"); *Vinson v. Thomas,* 288 F.3d 1145, 1154 (9th Cir. 2002) ("An employer who fails to engage in such an interactive process in good faith may incur liability 'if a reasonable accommodation would have been possible'"); *Humphrey v. Mem'l Hosp. Ass'n,* 239 F.3d 1128, 1137 (9th Cir. 2001) ("Once an employer becomes aware of the need for accommodation, that employer has a mandatory obligation under the ADA to engage in an interactive process with the employee to identify and implement appropriate reasonable accommodations"); *Frisino v. Seattle Sch. Dist. No. 1,* 160 Wn. App. 765, 781-83, (2011) ("Generally, the best way for the employer and employee to determine a reasonable accommodation is through a *flexible,* interactive process"; "An employer may choose to make only one attempt at accommodation, but it risks statutory liability if that attempt is not effective and it cannot show that additional efforts are an undue burden."); *Goodman* v. *Boeing*, 127 Wn.2d 401 (employer did not reasonably accommodate because it failed to affirmatively ascertain the nature and extent of employee's disability).

24

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Defendants' Objection:**  Defendants object to this instruction because Plaintiff has (and is) not pursuing a claim for failure to engage in the interactive process (Dkt. No. 38).  Thus, reference to potential damages related to the interactive process is inappropriate.

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1
2
3

**Plaintiff's Proposed Jury Instruction No. 11**

**INSTRUCTION NO. _____**

**(UNDUE HARDSHIP)**

4   A defendant is not required to provide an accommodation that will impose an undue

5   hardship on the operation of the defendant's business.

6   The term undue hardship means an action requiring significant difficulty or expense.  It

7   takes into account the financial realities of the particular defendant and refers to any

8   accommodation that would be unduly costly, extensive, substantial, or disruptive, or that would

9   fundamentally alter the nature or operation of the business.

10   The factors to be considered in deciding whether an accommodation would cause undue

11   hardship include:

12   (1)   the nature and net cost of the accommodation, accounting for tax credits or
13        deductions and other outside funding;

14   (2)   the overall financial resources of the defendant's facility involved in the
15        provision of the reasonable accommodation, the number of persons employed at
16        such facility, the effect on expenses and resources, or the impact otherwise of
17        such accommodation upon the operation of the facility;

18   (3)   the overall financial resources of the defendant's facility, the overall size of the
19        business of a defendant's facility with respect to the number of its employees, the
20        number, type, and location of its facilities;

21   (4)   the number of persons employed by defendant and the effect of accommodation;

22   (5)   the type of operations the defendant is involved in and the composition,
23        structure, and functions of the work force;

24   (6)   the geographic separateness and administrative or fiscal relationship of the
25        facility in question to the defendant; and

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS AND
PROPOSED VERDICT FORMS - 20
(C17-00187-RSM)
6622845.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

(7)     the overall impact of the proposed accommodation on the operation of the defendant's facilities, including the impact on other employees and the ability to conduct business.

**Plaintiff's Authority:**  Ninth Circuit Manual of Model Jury Instructions Civil 12.8.

**Defendants' Objection:**  Defendants have the burden of proof on the issue of Undue Hardship, and therefore, under LCR 51 must submit the proposed instruction.  Defendants proposed instruction outlines the particular factors Defendant intends to demonstrate.

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

**Plaintiff's Proposed Jury Instruction No. 12**

2

**INSTRUCTION NO. _____**

3

**(QUALIFIED INDIVIDUAL)**

4       The term qualified individual means an individual with a disability who, with or without

5  a reasonable accommodation, can perform the essential functions of the employment position

6  that such individual holds or desires.  The individual must satisfy the requisite skill, experience,

7  education, and other job-related requirements of the employment position.

8  **Plaintiff's Authority:**  Ninth Circuit Manual of Model Jury Instructions Civil 12.5 (modified).

9  **Defendants' Objection:**  Defendant objects to this instruction to the extent that it does not

10  include the prefatory language, which Defendants believe will orient the jury.  Defendants have

11  proposed an unmodified version of this instruction.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS AND
PROPOSED VERDICT FORMS - 22
(C17-00187-RSM)
6622845.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

**<u>Plaintiff's Proposed Jury Instruction No. 13</u>**

2

**INSTRUCTION NO. _____**

3

**(ESSENTIAL FUNCTIONS)**

4      An essential function of an employment position means the fundamental job duties of

5  the employment position the plaintiff holds or desires. It does not include the marginal functions

6  that may occur through the course of a job.

7      You must consider the employer's judgment as to what functions of a job are essential.

8  If any employer has prepared a written description before advertising or interviewing

9  applicants for the job, this description is evidence of the essential functions of the job.

10      Other factors that may bear upon whether a job function is essential include, but are not

11  limited to:

12      (1)   whether the reason the position exists is to perform that function;

13      (2)   whether there are a limited number of employees available among whom the

14            performance of that job function can be distributed;

15      (3)   whether the job function is highly specialized, and the person in that particular

16            position is hired for his expertise or ability to perform the particular function;

17      (4)   the amount of time spent performing the job function;

18      (5)   the consequences of not requiring the individual holding the position to perform

19            the function;

20      (6)   the work experience of past employees who have held the position; and

21      (7)   the work experience of current employees that hold similar positions.

22      It is undisputed that speaking was an essential function of Mr. Coachman's job at

23  Mercedes Benz of Seattle.

24  **<u>Plaintiff's Authority:</u>**  Ninth Circuit Manual of Model Jury Instructions Civil 12.6 (modified);
   *see* WPIC 330.37.

25

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS AND
PROPOSED VERDICT FORMS - 23
(C17-00187-RSM)
6622845.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1  **Defendants' Objection:**   As Model Instruction 12.6 indicates, the jury must consider the
2  employer's judgment as to what functions of a job are essential.  Defendants have proposed an
3  alternative instruction that incorporates important considerations for determining the essential
4  functions that are drawn from both state and federal law.

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS AND
PROPOSED VERDICT FORMS - 24
(C17-00187-RSM)
6622845.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

**Plaintiff's Proposed Jury Instruction No. 14**

2

**INSTRUCTION NO. _____**

3

**(DAMAGES—EMPLOYMENT DISCRIMINATION)**

4      It is the duty of the court to instruct you as to the measure of damages. By instructing

5  you on damages, the court does not mean to suggest for which party your verdict should be

6  rendered.

7      If your verdict is for Mr. Coachman, you must determine the amount of money that will

8  reasonably and fairly compensate him for such damages as you find were proximately caused

9  by the acts of Defendants.

10     If you find for Mr. Coachman, you should consider the following elements:

11     (1)    The reasonable value of lost past earnings and fringe benefits, from the date of

12            the wrongful conduct to the date of trial;

13     (2)    The reasonable value of lost future earnings and fringe benefits; and

14     (3)    The emotional harm to Mr. Coachman caused by Defendants' wrongful conduct,

15            including emotional distress, loss of enjoyment of life, humiliation, pain and

16            suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish

17            experienced and with reasonable probability to be experienced by Mr. Coachman

18            in the future.

19     The burden of proving damages rests with the party claiming them, and it is for you to

20  determine, based upon the evidence, whether any particular element has been proved by a

21  preponderance of the evidence.

22     Any award of damages must be based upon evidence and not upon speculation, guess, or

23  conjecture. The law has not furnished us with any fixed standards by which to measure

24  emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity,

25

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

embarrassment, fear, anxiety, and/or anguish. With reference to these matters, you must be governed by your own judgment, by the evidence in the case, and by these instructions.

**Plaintiff's Authority:**  WPIC 330.81 (modified).

**Defendants' Objection:**  Defendants' proposed instruction includes reference to the offer of reinstatement.

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

2

3

**<u>Plaintiff's Proposed Jury Instruction No. 15</u>**

**INSTRUCTION NO. _____**

**(PROXIMATE CAUSE—SUBSTANTIAL FACTOR TEST)**

4

5

  The term "proximate cause" means a cause that was a substantial factor in bringing about the event or injury in question even if the result would have occurred without it.

6

**<u>Plaintiff's Authority:</u>**  WPIC 15.02.

7

8

**<u>Defendants' Objection:</u>**  Defendants withdraw their objection to this instruction.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

**Plaintiff's Proposed Jury Instruction No. 16**

2

**INSTRUCTION NO. _____**

3

**(PARTICULAR SUSCEPTIBILITY)**

4

If your verdict is for Troy Coachman, and if you find that:

5   (1)   Before his termination, Troy Coachman had a bodily or mental condition that was

6   not causing pain or disability; and

7   (2)   The bodily or mental condition made Troy Coachman more susceptible to injury

8   than a person in normal health,

9   then you should consider all the injuries and damages that were proximately caused by the

10  termination, even though those injuries, due to the pre-existing condition, may have been greater

11  than those that would have been incurred under the same circumstances by a person without that

12  condition.

13  **Plaintiff's Authority:**  WPIC 30.18.01 (modified).

14  **Defendants' Objection:**  Defendants request that the Court use Model Instruction WPIC

15  30.18.01.

16

17

18

19

20

21

22

23

24

25

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS AND
PROPOSED VERDICT FORMS - 28
(C17-00187-RSM)
6622845.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

**Plaintiff's Proposed Jury Instruction No. 17**

2

**INSTRUCTION NO. _____**

3

**(PUNITIVE DAMAGES)**

4       If you find for Troy Coachman, you may, but are not required to, award punitive damages.

5   The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.

6   Punitive damages may not be awarded to compensate a plaintiff.

7       Troy Coachman has the burden of proving by a preponderance of the evidence that

8   punitive damages should be awarded, and, if so, the amount of any such damages.

9       You may award punitive damages only if you find that the defendant's conduct that

10  harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights.

11  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring

12  the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it

13  reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face

14  of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or

15  omission is oppressive if the defendant injures or damages or otherwise violates the rights of the

16  plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or

17  power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

18       If you find that punitive damages are appropriate, you must use reason in setting the

19  amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but

20  should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any

21  punitive damages, consider the degree of reprehensibility of the defendant's conduct.

22       In addition, you may consider the relationship of any award of punitive damages to any

23  actual harm inflicted on the plaintiff.

24

25

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    You may impose punitive damages against one or more of the defendants and not others,

2    and may award different amounts against different defendants.  Punitive damages may be awarded

3    even if you award plaintiff only nominal, and not compensatory, damages.

4    **Plaintiff's Authority:**  Ninth Circuit Manual of Model Jury Instructions Civil 5.5.

5    **Defendants' Objection:**  Plaintiff is pursuing claims under state and federal law.  Defendants

6    object to the instruction to the extent that it does not reflect the limitation that punitive damages

7    may not be awarded under Washington Law.  Defendants would be agreeable to the inclusion of

8    the instruction if the Court also provides Defendants' proposed instruction WPI 35.01 on

9    "Exemplary or Punitive Damages."

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS AND
PROPOSED VERDICT FORMS - 30
(C17-00187-RSM)
6622845.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

<u>**Defendants' Proposed Jury Instruction No. 18**</u>

**INSTRUCTION NO. _____**

**(DUTY OF JURY)**

**(Court Reads And Provides Written Instructions At The Beginning Of Trial)**

Members of the jury:  You are now the jury in this case.  It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set so that you may refer to them throughout the trial.  These instructions are not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read in these instructions or anything I say or do that I have opinion regarding the evidence or what your verdict should be.

<u>**Defendants' Authority:**</u>  Ninth Circuit Manual of Model Jury Instructions Civil 1.2.

<u>**Plaintiff's Objection:**</u>  Plaintiff objects to providing a copy of the jury instructions to the jury, and believes that the preliminary instructions should only be read to the jury, not provided to them.

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS AND
PROPOSED VERDICT FORMS - 31
(C17-00187-RSM)
6622845.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

**<u>Defendants' Proposed Jury Instruction No. 19</u>**

2

**INSTRUCTION NO. _____**

3

**(PUBLICITY DURING TRIAL)**

4

If there is any news media account or commentary about the case or anything to do with

5

it, you must ignore it.  You must not read, watch or listen to any news media account or

6

commentary about the case or anything to do with it.  The case must be decided by you solely

7

and exclusively on the evidence that will be received in the case and on my instructions as to

8

the law that applies.  If any juror is exposed to any outside information, please notify me

9

immediately.

10

**<u>Defendants' Authority</u>:**  Ninth Circuit Manual of Model Jury Instructions Civil 1.16.

11

12

**<u>Plaintiff's Objection</u>:**  Plaintiff objects to Defendants' proposed instruction as unnecessary and

13

duplicative of directives contained within Joint Jury Instruction 23 (filed this same day), which

14

includes a statement instructing the jury "not to read, watch or listen to any news media account

15

or commentary about the case," among other things.

16

17

18

19

20

21

22

23

24

25

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS AND
PROPOSED VERDICT FORMS - 32
(C17-00187-RSM)
6622845.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

**Defendants' Proposed Jury Instruction No. 20**

2

**INSTRUCTION NO. _____**

3

**(FEDERAL AND STATE LAW CLAIMS)**

4       Mr. Coachman has alleged violations of both Federal and State law.  It is important in

5  your deliberations to evaluate whether Mr. Coachman has met his burden both under Federal

6  and State law, separately.  Mr. Coachman may be required to establish different elements to

7  prove his case under Federal and State law.  Evaluate the evidence and the respective burdens

8  when determining whether a violation of the law has occurred.

9

10  **Plaintiff's Objection:**  Plaintiff objects to Defendants' proposed instruction as unnecessary and

11  duplicative of information contained within Plaintiff's proposed "Claims and Defenses"

12  instruction.  *See* Plaintiff's Proposed Instruction No. 2.  Moreover, the duality of Plaintiff's

13  claims is underscored by specific instructions and the verdict form addressing Plaintiff's

14  separate state and federal claims.

15

16

17

18

19

20

21

22

23

24

25

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

2

3

**<u>Defendants' Proposed Jury Instruction No. 21</u>**

**INSTRUCTION NO. _____**

**(ADA—QUALIFIED INDIVIDUAL)**

The second element of the ADA claim that the plaintiff must prove is that the plaintiff is a qualified individual under the ADA.

The term qualified individual means an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.  The individual must satisfy the requisite skill, experience, education, and other job-related requirements of the employment position.

**<u>Defendants' Authority:</u>**  Ninth Circuit Manual of Model Jury Instructions Civil 12.5.

**<u>Plaintiff's Objection:</u>**  Plaintiff objects to the inclusion of the prefatory sentence introducing this instruction as the "second element of *the* ADA claim," as it is likely to cause juror confusion.  Plaintiff has stated two claims under the ADA with distinct elements; the prefatory sentence conflates his claims and should be stricken.

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    **Defendants' Proposed Jury Instruction No. 22**

2    **INSTRUCTION NO. _____**

3    **(ABILITY TO PERFORM ESSENTIAL FUNCTIONS—FACTORS)**

4    An essential function of an employment position means the fundamental job duties of

5    the employment position the plaintiff holds or desires.  It does not include the marginal

6    functions that may occur through the course of a job.

7    You must consider the employer's judgment as to what functions of a job are essential.

8    If any employer has prepared a written description before advertising or interviewing applicants

9    for the job, this description is evidence of the essential functions of the job.

10   Other factors that may bear upon whether a job function is essential include, but are not

11   limited to:

12   (1)    whether the reasons the position exists include performing that function;

13   (2)    the employer's judgment as to which functions are essential;

14   (3)    the judgment of those who have experience working in and around the position

15          in question;

16   (4)    the amount of time spent on the job performing the particular function.

17   (5)    whether there are a limited number of employees available among whom the

18          performance of that job function can be distributed;

19   (6)    whether the job function is highly specialized, and the person in that particular

20          position is hired for his expertise or ability to perform the particular function;

21          and

22   (7)    the consequences of not requiring the individual holding the position to perform

23          the function.

24   **Defendants' Authority:**  Ninth Circuit Manual of Model Jury Instructions Civil 12.6 [Modified
     to remove bullet point referencing collective bargaining agreement and incorporating standards

25   of WPIC 330.37].

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1   **Plaintiff's Objection:**  Plaintiff does not object to Ninth Circuit Model Jury Instruction 12.6 or

2   WPIC 330.37, but objects to the combined instruction proposed by Defendants because the

3   factors presented are duplicative or redundant.  Plaintiff proposes an alternative instruction.  *See*

4   Plaintiff's Proposed Jury Instruction No. 13.

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS AND
PROPOSED VERDICT FORMS - 36
(C17-00187-RSM)
6622845.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

**Defendants' Proposed Jury Instruction No. 23**

2

**INSTRUCTION NO. _____**

3

**(ADA—REASONABLE ACCOMMODATION)**

4

To establish the defendants' duty to provide a reasonable accommodation, the plaintiff

5

must prove, by a preponderance of the evidence, both of the following elements:

6

1.    the plaintiff requested an accommodation from the defendants due to a

7

      disability.]

8

*Or*

9

1.    the defendants knew, or had reason to know that:

10

      (a)   the plaintiff has a disability;

11

      (b)   the plaintiff was experiencing workplace problems because of the

12

         disability; and

13

      (c)   the disability prevented the plaintiff from requesting a reasonable

14

         accommodation.

15

and

16

2.    the defendants could have made a reasonable accommodation that would have

17

      enabled the plaintiff to perform the essential functions of the job.

18

Under the ADA, an accommodation by the Defendants may include, but is not limited

19

to:

20

(1)   modifying or adjusting a job application process to enable a qualified applicant

21

     with a disability to be considered for the position;

22

(2)   making existing facilities used by employees readily accessible to and usable by

23

     individuals with disabilities;

24

(3)   job restructuring;

25

(4)   part-time or modified work schedule;

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

(5)     reassignment to a vacant position;

(6)     acquisition or modifications of examinations, training materials or policies;

(7)     provision of qualified readers and interpreters; or

(8)     other similar accommodations for individuals with plaintiff's disabilities; or

(9)     Unpaid leave, but unpaid leave for unspecified duration is not a reasonable accommodation.

It is for you to determine whether the accommodations requested by the plaintiff are reasonable.

**Defendants' Authority:**   Ninth Circuit Manual of Model Jury Instructions Civil 12.7 [Modified]; *Dark v. Curry County*, 451 F.3d 1078 (2006) citing *Taylor v. Pepsi-Cola Co.*, 196 F.3d 1106, 1110 (10th Cir. 1999).

**Plaintiff's Objection:**   Plaintiff objects to Defendants' proposed instruction as an incomplete and inaccurate statement of law.  In particular, Defendants' instruction misstates the law about when an employer's duty to engage in the interactive process begins.  First, employers have a continuing duty to engage in the interactive process, which "extends beyond the first attempt at accommodation and continues when the employee asks for a different accommodation or where the employer is aware that the initial accommodation is failing and further accommodation is needed."  *Humphrey v. Mem'l Hosp. Ass'n*, 239 F.3d 1128, 1138 (9th Cir. 2001).  Second, as explained in Plaintiff's trial brief, an employer's duty to engage in the interactive process is also triggered when the employer knows or believes an employee has a disability that prevents the employee from performing his job.  *See Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127 (2d Cir. 2008); *Humphrey*, 239 F.3d at 1138; *Kimbro v. Atlantic Richfield Co.*, 889 F.2d 869, 879 (9th Cir. 1989); *Dorsey v. CHS, Inc.*, 15-CV-02735-RBJ, 2017 WL 1356093, at *1 (D. Colo. Apr. 13, 2017); *Goodman v. Boeing Co.*, 127 Wn.2d 401, 408 (1995).  This is especially true when the employer is contemplating firing the employee because of his known disability.  Finally, the fact that Mr. Coachman did not renew his accommodation request at the time of his return-to-

1   work date does not absolve Defendants' of their duty to engage in the interactive process to

2   identify whether a reasonable accommodation was necessary.  Plaintiff proposes an alternative

3   instruction that provides a complete statement of the law with respect to reasonable

4   accommodations under the ADA. *See* Plaintiff's Proposed Jury Instruction No. 8.

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS AND
PROPOSED VERDICT FORMS - 39
(C17-00187-RSM)
6622845.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**<u>Defendants' Proposed Jury Instruction No. 24</u>**

**INSTRUCTION NO. _____**

**(NO INTERACTIVE PROCESS REQUIRED)**

If you find that there was not a reasonable accommodation that would have permitted the plaintiff to perform the essential functions of his position, then you must find that defendants did not fail to engage in the interactive process.

**<u>Defendants' Authority:</u>** *Fey v. State*, 174 Wn. App. 435, 453 (2013); *Osborne v. Recreational Equip., Inc.*, 2016 Wn. App. LEXIS 2682, *29 (2016).

**<u>Plaintiff's Objection:</u>** Plaintiff objects to this instruction as an inaccurate statement of law. First, Defendants' failure to engage in the interactive process is analytically distinct from whether a reasonable accommodation existed. This instruction wrongly conflates the two issues. Next, this instruction infers incorrectly that Plaintiff must identify a definitive reasonable accommodation to sustain his failure to accommodate claim, but Plaintiff need only identify an accommodation that "plausibly enabled [him] to adequately perform his job" to find Defendants liable. *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1136 (9th Cir. 2001). Plaintiff proposes an alternative instruction that provides a complete statement of the law concerning the interactive process. *See* Plaintiff's Proposed Jury Instruction No. 10.

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

**Defendants' Proposed Jury Instruction No. 25**

2

**INSTRUCTION NO. _____**

3

**(ADA—UNDUE HARDSHIP)**

4    A defendant is not required to provide an accommodation that will impose an undue

5  hardship on the operation of the defendant's business.

6    The term undue hardship means an action requiring significant difficulty or expense. It

7  takes into account the financial realities of the particular defendant and refers to any

8  accommodation that would be unduly costly, extensive, substantial, or disruptive, or that would

9  fundamentally alter the nature or operation of the business.

10    The factors to be considered in deciding whether an accommodation would cause undue

11  hardship include:

12       (1)    the number of persons employed by defendant and the effect of accommodation;

13       (2)    the type of operations the defendant is involved in and the composition,

14              structure, and functions of the work force;

15       (3)    the overall impact of the proposed accommodation on the operation of the

16              defendant's facilities, including the impact on other employees and the ability to

17              conduct business.

18  **Defendants' Authority:**    Ninth Circuit Manual of Model Jury Instructions Civil 12.8

19  [Modified. Bracketed material that is inapplicable to the case has been removed.]

20  **Plaintiff's Objection:**    Defendants' modification to the model instruction omits key

21  considerations in assessing whether an accommodation poses an undue hardship. For example,

22  Defendants would omit the factor considering "the overall financial resources of the defendant's

23  facility involved in the provision of the reasonable accommodation, the number of persons

24  employed at such facility, the effect on expenses and resources, or the impact otherwise of such

25  accommodation upon the operation of the facility." This, and the other factors omitted, is

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1  unquestionably a relevant inquiry for the jury.   As such, Plaintiff objects to Defendants'

2  instruction and proposes the model instruction instead. *See* Manual of Model Jury Instructions

3  for the Ninth Circuit, 2017 Edition, Civil Jury Instruction 12.9.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

## **Defendants' Proposed Jury Instruction No. 26**

2

## **INSTRUCTION NO. _____**

3

## **(DISABILITY DISCRIMINATION)**

4      Discrimination in employment on the basis of disability is prohibited.

5      To establish his claim of discrimination on the basis of disability, Troy Coachman has

6 the burden of proving each of the following propositions:

7      (1)      That he has a disability;

8      (2)      That he is able to perform the essential functions of the job in question with

9              reasonable accommodation; and

10     (3)      That his disability was a substantial factor in defendants' decision to terminate

11             him.  Mr. Coachman does not have to prove that perceived disability was the

12             only factor or the main factor in the decision.

13      If you find from your consideration of all of the evidence that each of these propositions

14 has been proved, then your verdict should be for Mr. Coachman on this claim.  On the other

15 hand, if any of these propositions has not been proved, your verdict should be for defendants on

16 this claim.

17 **Defendants' Authority:**  WPIC 330.32 [modified to remove brackets and reflect plaintiff's

18 claims].

19 **Plaintiff's Objection:**  Defendants' proposed instruction relies on Washington law only despite

20 the state and federal nature of Plaintiff's claims.  Plaintiff's proposed instruction integrates state

21 and federal law and should be used for that reason.  *See* Plaintiff's Proposed Jury Instruction

22 No. 4.

23

24

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**<u>Defendants' Proposed Jury Instruction No. 27</u>**

**INSTRUCTION NO. _____**

**(DAMAGES—EMPLOYMENT DISCRIMINATION—**

**ECONOMIC AND NON-ECONOMIC)**

It is the duty of the court to instruct you as to the measure of damages.  By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If your verdict is for Troy Coachman, you must determine the amount of money that will reasonably and fairly compensate Mr. Coachman for such damages as you find were proximately caused by the acts of Seattle Auto Management Inc. and Al Monjazeb.

You should consider the following elements:

(1)    The reasonable value of lost past earnings and fringe benefits, from the date of the wrongful conduct to the March 20, 2015 offer of reinstatement.

(2)    The emotional harm to Mr. Coachman caused by Seattle Auto Management Inc.'s and Mr. Monjazeb's wrongful conduct, including emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish experienced and with reasonable probability to be experienced by the plaintiff in the future.

The burden of proving damages rests with the party claiming them, and it is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence.

Any award of damages must be based upon evidence and not upon speculation, guess, or conjecture.  The law has not furnished us with any fixed standards by which to measure emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity,

**Williams, Kastner & Gibbs PLLC** 601 Union Street, Suite 4100 Seattle, Washington 98101-2380 (206) 628-6600

1  embarrassment, fear, anxiety, and/or anguish.  With reference to these matters, you must be

2  governed by your own judgment, by the evidence in the case, and by these instructions.

3  **Defendants' Authority:**  WPIC 330.81 [modified to reflect damages pled by plaintiff].

4  **Plaintiff's Objection:**  Plaintiff objects to Defendants' proposed instruction as it assumes

5  Plaintiff's economic damages will be subject to *Ford Motor*-style tolling starting March 20,

6  2015.  *See Ford Motor Co. v. EEOC,* 458 U.S. 219 (1982).  This issue was the subject of a

7  motion in limine, and the Court has deferred ruling pending further factual development about

8  the nature of Defendants' offer of reinstatement.  For this reason, it would be misleading to

9  issue Defendants' proposed instruction before this issue is decided.  In any event, Defendants'

10  modifications to the model instruction omit the statement about the "reasonable value of lost

11  future earnings and fringe benefits," which is a category of damages sought.  Plaintiff proposes

12  an alternative instruction premised on the model instruction, with slight modifications to omit

13  clearly inapplicable considerations (i.e., physical harm caused by Defendants).  *See* Plaintiff's

14  Proposed Jury Instruction No. 14.

15

16

17

18

19

20

21

22

23

24

25

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    **Defendants' Proposed Jury Instruction No. 28**

2    **INSTRUCTION NO. _____**

3    **[ALTERNATIVE] DAMAGES—ECONOMIC AND NON-ECONOMIC—**

4    **AFTER-ACQUIRED EVIDENCE**

5    It is the duty of the court to instruct you as to the measure of damages.  By instructing

6    you on damages, the court does not mean to suggest for which party your verdict should be

7    rendered.

8    If your verdict is for Troy Coachman, you must determine the amount of money that

9    will reasonably and fairly compensate Mr. Coachman for such damages as you find were

10   proximately caused by the acts of Seattle Auto Management Inc. and Al Monjazeb.

11   You should consider the following elements:

12   1.    The reasonable value of lost past earnings and fringe benefits, from the date of

13         the wrongful conduct to the March 20, 2015 unconditional offer of reinstatement.

14   2.    The emotional harm to Mr. Coachman caused by Seattle Auto Management

15         Inc.'s and Mr. Monjazeb's wrongful conduct, including emotional distress, loss

16         of enjoyment of life, humiliation, pain and suffering, personal indignity,

17         embarrassment, fear, anxiety, and/or anguish experienced and with reasonable

18         probability to be experienced by Mr. Coachman in the future.

19   If you find that defendants have proved their after-acquired evidence defense, you must

20   calculate lost past earnings and fringe benefits from the date of termination to the date that

21   additional evidence was discovered, and you may not award lost future earnings and fringe

22   benefits.

23   The burden of proving damages rests with the party claiming them, and it is for you to

24   determine, based upon the evidence, whether any particular element has been proved by a

25   preponderance of the evidence.  Any award of damages must be based upon evidence and not

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS AND
PROPOSED VERDICT FORMS - 46
(C17-00187-RSM)
6622845.1

upon speculation, guess, or conjecture.  The law has not furnished us with any fixed standards by which to measure emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish.  With reference to these matters, you must be governed by your own judgment, by the evidence in the case, and by these instructions.

**Defendants' Authority:**   WPIC 330.81 [modified to reflect damages pled by Plaintiff and includes after acquired evidence defense].

**Plaintiff's Objection:**   Plaintiff objects to this instruction to the extent it incorporates aspects of Defendants' "after-acquired" evidence defense, which was the subject of a motion in limine. The Court viewed Defendants' claims about unsubstantiated wrongdoing by Plaintiff with skepticism, and deferred ruling on the subject pending a proffer of evidence by Defendants outside the presence of the jury.  As the Court noted in its order, such evidence is "likely more prejudicial than probative…" Dkt. No. 44 at p. 4. To the extent the Court permits so-called after-acquired evidence, Plaintiff proposes Ninth Circuit Model Instruction 10.16 as an alternative, which reads as follows:

### DEFENSE—AFTER-ACQUIRED EVIDENCE

> The defendant contends that the defendant would have made the same decision to [discharge] [not hire] [not promote] [demote] the plaintiff because [describe the after-discovered misconduct]. If the defendant proves by a preponderance of the evidence that the defendant could have made the same decision and [would have discharged] [would not have hired] [would not have promoted] [would have demoted] the plaintiff because of [describe the after-discovered misconduct], you should limit any award of back pay to the date the employer would have made the decision to [[discharge] [not hire] [not promote] [demote]] the plaintiff as a result of [describe the after-discovered misconduct].

Manual of Model Jury Instructions for the Ninth Circuit, 2017 Edition, Civil Jury Instruction 10.16

Plaintiff further objects to Defendants' proposed instruction as it also assumes *Ford Motor*-style tolling starting March 20, 2015.  *See Ford Motor Co. v. EEOC,* 458 U.S. 219

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS AND
PROPOSED VERDICT FORMS - 47
(C17-00187-RSM)
6622845.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1   (1982).   This issue was the subject of a motion in limine, and the Court has deferred ruling

2   pending further factual development about the nature of Defendants' offer of reinstatement.

3   Plaintiff has proposed a separate instruction concerning Defendants' offer of reinstatement,

4   should the Court find this issue appropriate for the jury to decide. *See infra.*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS AND
PROPOSED VERDICT FORMS - 48
(C17-00187-RSM)
6622845.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

<u>**Defendants' Proposed Jury Instruction No. 29**</u>

2

**INSTRUCTION NO. _____**

3

**(WPIC 330.83 DAMAGES—MITIGATION—WAGE LOSS)**

4

The plaintiff, Troy Coachman, has a duty to use reasonable efforts to mitigate damages.

5

To mitigate means to avoid or reduce damages.

6

To establish a failure to mitigate, defendants Mercedes Benz of Seattle and Al Monjazeb

7

have the burden of proving:

8

(1) There were openings in comparable positions available for plaintiff elsewhere after

9

defendants terminated him;

10

(2) Plaintiff failed to use reasonable care and diligence in seeking those openings; and

11

(3) The amount by which damages would have been reduced if plaintiff had used

12

reasonable care and diligence in seeking those openings.

13

You should take into account the characteristics of the plaintiff and the job market in

14

evaluating the reasonableness of the plaintiff's efforts to mitigate damages.

15

If you find that the defendants have proved all of the above, you should reduce your

16

award of damages for wage loss accordingly.

17

**<u>Defendants' Authority:</u>** WPIC 330.83.

18

**<u>Plaintiff's Objection:</u>** Defendants' proposed instruction offers an incomplete view of the law

19

of mitigation, as it places a greater mitigation duty on Plaintiff than what is actually required of

20

him. Plaintiff proposes the following alternative instruction:

21

**MITIGATION**

22

The plaintiff, Troy Coachman, has a duty to use reasonable efforts to

23

mitigate damages. To mitigate means to avoid or reduce damages.

24

To establish a failure to mitigate, defendants Mercedes Benz of Seattle and

25

Al Monjazeb, have the burden of proving:

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

(1) There were openings in comparable positions available for plaintiff elsewhere after defendants terminated his employment;

(2) Plaintiff failed to use reasonable care and diligence in seeking those openings; and

(3) The amount by which damages would have been reduced if plaintiff had used reasonable care and diligence in seeking those openings.

You should take into account the characteristics of the plaintiff and the job market in evaluating the reasonableness of the plaintiff's efforts to mitigate damages. The plaintiff is not required to move or seek employment outside of a reasonable commuting distance in order to mitigate damages.

If you find that the defendant has proved all of the above, you should reduce your award of damages for wage loss accordingly. If you find that the Defendants failed to prove all of the above, you must not reduce your award of damages for wage loss.

Once discrimination has been found, any doubts concerning back pay are to be resolved against the employer.

**Authority:** WPIC 330.83; *Henningsen v. Worldcom, Inc.*, 102 Wn. App. 828, 846, 9 P.3d 948, 958 (Wash. Ct. App. 2000) ("Once discrimination has been found, any doubts concerning back pay are to be resolved against the employer. The plaintiff's failure to make an ongoing, concerted effort to find comparable employment does not preclude a back pay award." (internal quotations and citation omitted)); *see Harris v. Masters*, 134 Wn. App. 1053, 2006 WL 2536456, at *6-7 (Wash. Ct. App. Sept. 5, 2006) (trial court committed reversible error by failing to give jury instruction that "plaintiff is not required to move or commute long distances" to mitigate damages).

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS AND
PROPOSED VERDICT FORMS - 50
(C17-00187-RSM)
6622845.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

**Defendants' Proposed Jury Instruction No. 30**

2

**INSTRUCTION NO. _____**

3

**(DAMAGES—AFTER-ACQUIRED EVIDENCE)**

4       Defendants contend that even if Troy Coachman had not been terminated on January 7,

5   2015, he would have been terminated based on the additional evidence defendants discovered at

6   a later date.   If defendants prove by a preponderance of the evidence that they would have

7   terminated Mr. Coachman based on this additional evidence, you must calculate any award of

8   lost past earnings from the date of termination to the date additional evidence was discovered

9   and you may not award any lost future earnings.

10  **Defendants' Authority:**  WPIC 330.81.02 [modified to remove brackets].

11  **Plaintiff's Objection:**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## Defendants' Proposed Jury Instruction No. 31

### INSTRUCTION NO. _____

### (EXEMPLARY OR PUNITIVE DAMAGES)

Exemplary or punitive damages are generally not recoverable under Washington law unless expressly authorized by statute.

**Defendants' Authority:** WPIC 35.01.

**Plaintiff's Objection:**  Plaintiff objects to the proposed instruction to the extent that such information can and should be conveyed as part of a larger punitive damages instruction.  *See* Plaintiff's Proposed Jury Instruction No. 17.  Plaintiff agrees that the jurors should be instructed that punitive damages are available *only* under the federal Americans with Disabilities Act. Plaintiff's Proposed Verdict Form also instructs the jurors not to award punitive damages if they find not federal liability.

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

**<u>Defendants' Proposed Jury Instruction No. 32</u>**

2

**INSTRUCTION NO. _____**

3

**(OFFER OF RESINSTATEMENT)**

4

You have heard evidence in this case that defendants offered to return Troy Coachman

5

to work and that Mr. Coachman rejected that offer.  If you find that the defendants made an

6

unconditional offer of employment (that is, an offer that was not conditioned upon

7

Mr. Coachman taking any other action or relinquishing any rights) of a job substantially

8

comparable to his former employment and that Mr. Coachman unreasonably refused that offer,

9

he may not recover back pay after the date of the offer, unless special circumstances exist.  In

10

considering whether special circumstances exist, you must consider the circumstances under

11

which the offer was made or rejected, including the terms of the offer and Mr. Coachman's

12

reasons for refusing the offer.

13

**<u>Defendants' Authority</u>:**  *Ford Motor Co. v. EEOC*, 458 U.S. 219 (1982); *Kastanis v. Educ.*

14

*Emps. Credit Union*, 122 Wn.2d 483, 500-01, 859 P.2d 26, 35 (1993).

15

**<u>Plaintiff's Objection</u>:**  Plaintiff objects to Defendants' proposed instruction as it also assumes

16

*Ford Motor*-style tolling of economic damages.  *See Ford Motor Co. v. EEOC*, 458 U.S. 219

17

(1982).  This issue was the subject of a motion in limine, and the Court has deferred ruling

18

pending further factual development about the nature of Defendants' offer of reinstatement.

19

Plaintiff has proposed an alternative instruction, should the Court find the offer-of-reinstatement

20

issue appropriate for the jury:

21

**DAMAGES—OFFER OF REINSTATEMENT**

22

Defendants Al Monjazeb and Mercedes Benz of Seattle contend that Troy
Coachman unreasonably refused an unconditional offer of reinstatement.

23

24

Defendants Al Monjazeb and Mercedes Benz of Seattle have the burden of
proving by a preponderance of the evidence:

25

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

      1.  that Defendants made Troy Coachman an unconditional offer of reinstatement; and

      2.  that Troy Coachman's refusal of the unconditional offer of reinstatement was not reasonable.

If Defendants Al Monjazeb and Mercedes Benz of Seattle prove by a preponderance of the evidence that their offer of reinstatement was unconditional and Mr. Coachman's refusal of the offer was not reasonable, you should calculate an award of lost past earnings from the date of the termination to the date of the offer of reinstatement.

**Authority:**  *Kastanis v. Educ. Employees Credit Union*, 122 Wash. 2d 483, 500, 859 P.2d 26, 35–36 (1993), amended, 122 Wash. 2d 483, 865 P.2d 507 (1994); *Ortiz v. Bank of America*, 852 F.2d 383, 387 (9th Cir 1987); *Ford Motor Co. v. E. E. O. C.*, 458 U.S. 219, 238-39 & n.27 (1982); *Smith v. World Ins. Co*., 38 F.3d 1456, 1464 (8th Cir. 1994); *Morris v. American Nat'l Can Corp*., 952 F.2d 200, 202 (8th Cir. 1991); *Fiedler v. Indianhead Truck Line, Inc.*, 670 F.2d 806, 808 (8th Cir. 1982).

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1  **Defendants' Proposed Jury Instruction No. 33**

2  **INSTRUCTION NO. _____**

3  **(DEADLOCKED JURY)**

4  Members of the jury, you have advised that you have been unable to agree upon a

5  verdict in this case.  I have decided to suggest a few thoughts to you.

6  As jurors, you have a duty to discuss the case with one another and to deliberate in an

7  effort to reach a unanimous verdict if each of you can do so without violating your individual

8  judgment and conscience.  Each of you must decide the case for yourself, but only after you

9  consider the evidence impartially with other jurors.  During your deliberations, you should not

10 unwilling to reexamine your own views and change your opinion if you become persuaded that

11 it is wrong.  However, you should not change an honest belief as to the weight or effect of the

12 evidence solely because of the opinions of the other jurors or for the mere purpose of returning

13 a verdict.

14 All of you are equally honest and conscientious jurors who have heard the same

15 evidence.  All of you share an equal desire to arrive at a verdict.  Each of you should ask

16 yourself whether you should question the correctness of your present position.

17 I remind you that in your deliberations you are to consider the instructions I have given

18 you as a whole.  You should not single out any part of any instruction, including this one, and

19 ignore others.  They are all equally important.

20 You may now return to the jury room and continue your deliberations.

21 **Defendants' Authority:**  Ninth Circuit Manual of Model Jury Instructions Civil 3.7.

22 **Plaintiff's Objection:**   Plaintiff does not object to the Court giving a "deadlocked jury"

23 instruction to the extent one becomes necessary, but he objects to offering this instruction as a

24 matter of course with the other preliminary and substantive instructions.  If such an instruction

25

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS AND
PROPOSED VERDICT FORMS - 55
(C17-00187-RSM)
6622845.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    becomes necessary, Plaintiff requests the opportunity to draft a more targeted instruction

2    addressing the actual circumstances at bar.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

**PLAINTIFF'S PROPOSED JURY VERDICT FORM**

2

We, the jury, answer the questions submitted by the Court as follows:

3

**QUESTION 1**:     Has Mr. Coachman proved his disability discrimination in violation of

4

the Americans With Disabilities Act claim by a preponderance of the evidence?

5

6

**ANSWER**: _____ (write Yes or No).

7

**QUESTION 2**:     Has Mr. Coachman proved his failure to accommodate in violation of

8

the Americans With Disabilities Act claim by a preponderance of the evidence?

9

10

**ANSWER**: _____ (write Yes or No).

11

**QUESTION 3**:     Has Mr. Coachman proved his disability discrimination in violation of

12

the Washington Law Against Discrimination claim by a preponderance of the evidence:

13

14

(i)     against Defendant Mercedes Benz of Seattle?

15

**ANSWER**: _____ (write Yes or No).

16

(ii)     against Defendant Al Monjazeb?

17

**ANSWER**: _____ (write Yes or No).

18

19

**QUESTION 4**:     Has Mr. Coachman proved his failure to accommodate in violation of

20

the Washington Law Against Discrimination claim by a preponderance of the evidence:

21

(i)     against Defendant Mercedes Benz of Seattle?

22

**ANSWER**: _____ (write Yes or No).

23

(ii)     against Defendant Al Monjazeb?

24

**ANSWER**: _____ (write Yes or No).

25

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

*If you answered "NO" to every one of the previous questions (i.e. Questions 1, 2, 3(i), 3(ii), 4(i), and 4(ii)), then do not answer the remaining questions, and please sign and date the verdict form. If you answered "YES" to any of the previous questions then, please answer Question 5.*

**QUESTION 5**:    Did Mr. Coachman suffer damages proximately caused by the actions of the Defendant(s)?

**ANSWER**: _____ (write Yes or No).

*If you answered "YES" to Question 5, please answer Question 6. Otherwise, please continue to Question 7.*

**QUESTION 6**:    What do you find to be the amount of damages sustained by Mr. Coachman?

Economic damages:

    A.    Past Earnings Loss:         $ _____

    B.    Disability Benefits Loss:   $ _____

Non-economic damages:

    C.    Humiliation               $ _____

    D.    Personal indignity        $ _____

    E.    Embarrassment             $ _____

    F.    Stress                    $ _____

    G.    Fear                      $ _____

    H.    Anxiety                   $ _____

    I.    Anguish                   $ _____

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS AND
PROPOSED VERDICT FORMS - 58
(C17-00187-RSM)
6622845.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

**QUESTION 7**:        *If you answered "YES" to Questions 1 or 2, please answer Question 7.  If you answered "NO" to both Questions 1 and 2, then do not answer the remaining questions, and please sign and date the verdict form.*

Do you find that Defendant Mercedes Benz of Seattle acted with malice or reckless indifference to Mr. Coachman's rights?

**ANSWER**: _____ (write Yes or No).

*If you answered "NO" to Question 7, then do not answer the remaining question, and please sign and date the verdict form.  If you answered "YES" to Question 7, please answer Question 8 below.*

**QUESTION 8:**        What amount will punish Defendant Mercedes Benz of Seattle for its unlawful conduct and deter similar acts in the future?

___$_____

Sign this verdict form and notify the Courtroom Deputy once you are done.

DATED this _____ day of October, 2018.

_____
Presiding Juror

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS AND
PROPOSED VERDICT FORMS - 59
(C17-00187-RSM)
6622845.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**DEFENDANTS' ALTERNATIVE PROPOSED JURY VERDICT FORM**

**THE FOLLOWING QUESTIONS MUST BE ANSWERED IN THE ORDER THEY ARE PRESENTED:**

**A.     Liability**

      1.      Applying the standards set forth in Jury Instruction No. ___, has Plaintiff proven by a preponderance of the evidence that he was able to perform the essential functions of his job with or without accommodation on January 7, 2015?

        Yes _____        *or*        No_____

*(If you answered "no" to Question 1, please sign and date this form and notify the courtroom deputy.  If you answered "yes," then you must answer Question 2.)*

      2.      Applying the standards set forth in Jury Instruction No. ___, has Plaintiff proven by a preponderance of the evidence that his disability was a substantial motivating factor in Defendants' decision to terminate his employment?

        Yes _____        *or*        No_____

*(Answer Question 3.)*

      3.      Applying the standards set forth in Jury Instruction No. ___, has Plaintiff proven by a preponderance of the evidence that Defendants terminated his employment because of his disability?

        Yes _____        *or*        No_____

*(If you answered "no" to Questions 2 and 3, please sign and date this verdict form and notify the courtroom deputy.  If you answered "yes," to Question 3, then answer Question 4.)*

      *4.*      Applying the standards set forth in Jury Instruction No. ___, has Plaintiff proven by a preponderance of the evidence that Defendants' decision to terminate Plaintiff's employment was made with malice or reckless indifference to Plaintiff's federally protected rights?

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1          Yes _____      *or*      No_____

2     *(Answer Question 5.)*

3  **B.    Damages**

4          5.      Applying the standard set forth in Jury Instruction No. _____, has Plaintiff

5  proven by a preponderance of the evidence that he is entitled to recover back pay?

6          Yes _____      *or*      No_____

7          Back pay, if any:  $_____   *(Answer with dollar amount)*

8          6.      Applying the standard set forth in Jury Instruction No._____, has Plaintiff

9  proven by a preponderance of the evidence that he is entitled to recover lost disability benefits?

10         Yes _____      *or*      No_____

11         Loss Benefits, if any:  $_____   *(Answer with dollar amount)*

12         7.      Applying the standard set forth in Jury Instruction No. _____, has Plaintiff

13  proven by a preponderance of the evidence that he is entitled to recover noneconomic damages?

14         Yes _____      *or*      No_____

15         Damages, if any:  $_____   *(Answer with dollar amount)*

16         8.      Applying the standard set forth in Jury Instruction No._____, have Defendants

17  proven by a preponderance of the evidence that Plaintiff unreasonably rejected an offer of

18  reinstatement in March 2015?

19         Yes _____      *or*      No_____

20

21  *Please sign and date this form and notify the courtroom deputy that you have reached a*
*verdict.*

22

23      DATED: _____, 2018

24

25                              _____
                                PRESIDING JUROR

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

        DATED this 26th day of September, 2018.

2

s/ Beth Barrett Bloom                                  s/ Jamal Whitehead

3

Beth Barrett Bloom, WSBA #31702          Jamal N. Whitehead, WSBA #39818

4

Anne Silver, WSBA #51695                       Schroeter Goldmark & Bender
Frank Freed Subit & Thomas LLP             810 Third Avenue, Suite 500

5

705 Second Avenue, Suite 1200                 Seattle, WA  98104
Seattle, WA  98104                                    Phone:   206-622-8000

6

Phone:   206-682-6711                               Email:   whitehead@sgb-law.com
Email:   bbloom@frankfreed.com

7

           asilver@frankfreed.com              Attorneys for Plaintiff

8

Attorneys for Plaintiff

9

                                                            s/ Sheryl J. Willert
                                                            Sheryl J. Willert, WSBA #08617

10

                                                            s/ Jeffery M. Wells

11

                                                            Jeffery M. Wells, WSBA #45840
                                                            WILLIAMS, KASTNER & GIBBS PLLC

12

                                                            601 Union Street, Suite 4100
                                                            Seattle, WA 98101-2380

13

                                                            Phone:   (206) 628-6600

14

                                                            Email:   swillert@williamskastner.com
                                                                         jwells@williamskastner.com

15

                                                            Attorneys for Defendants

16

17

18

19

20

21

22

23

24

25

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS AND
PROPOSED VERDICT FORMS - 62
(C17-00187-RSM)
6622845.1

1

2

## <u>CERTIFICATE OF SERVICE</u>

3

4        I hereby certify that on September 26, 2018, I electronically filed the foregoing with the

5   Clerk of the Court using the CM/ECF system which will send notification of such filing to the

6   following:

**Beth Barrett Bloom at:**
7   **bbloom@frankfreed.com**

8

**Anne Silver at:**
9   **asilver@frankfreed.com**

10

**Jamal N. Whitehead at:**
11  **whitehead@sgb-law.com**

12                                      s/ Sheryl J. Willert
                                        Sheryl J. Willert, WSBA #08617
13                                      s/ Jeffery M. Wells
                                        Jeffery M. Wells, WSBA #45840
14                                      Attorneys for Defendants
                                        WILLIAMS, KASTNER & GIBBS PLLC
15                                      601 Union Street, Suite 4100
                                        Seattle, WA 98101-2380
16                                      Phone:   (206) 628-6600
                                        Email:   swillert@williamskastner.com
17                                               jwells@williamskastner.com

18

19

20

21

22

23

24

25

JOINT STATEMENT OF DISPUTED JURY INSTRUCTIONS AND
PROPOSED VERDICT FORMS - 63
(C17-00187-RSM)
6622845.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600