Chief Judge Ricardo S. Martinez

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TROY COACHMAN,

    Plaintiff,

v.

SEATTLE AUTO MANAGEMENT, INC. dba MERCEDES BENZ OF SEATTLE and AL MONJAZEB,

    Defendants.

No. 2:17-cv-00187-RSM

PLAINTIFF'S RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW

## I.   INTRODUCTION

Plaintiff Troy Coachman moves for judgment as a matter of law pursuant to Fed. R. Civ. P. 50. In light of the uncontroverted evidence that there were plausible accommodations that would not pose an undue hardship for Defendants and that were not offered to Mr. Coachman, Plaintiff is entitled to judgment as a matter of law on his WLAD and ADA failure to accommodate claims.

## II.   LEGAL ARGUMENT

**A.   Legal standard for Rule 50 motions for judgment as a matter of law**

Federal Rule of Civil Procedure 50(a) permits the Court to grant a motion for judgment as a matter of law on any claim upon finding that "a reasonable jury would not have a legally sufficient basis to find for the party" on an issue upon which the claim depends. Fed. R. Civ. P. 50(a)(1). "Rule 50(a) thus allows a court to remove issues—claims, defenses, or entire cases-

PLTF.'S RULE 50 MOTION FOR
JUDGMENT AS A MATTEROF LAW
(2:17-cv-00187) – 1

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

from the jury when there is no legally sufficient evidentiary basis to support a particular outcome." *Summers v. Delta Air Lines, Inc.*, 508 F.3d 923, 926 (9th Cir. 2007) (internal quotations and alterations omitted).

It is well-settled that the standard for judgment as a matter of law is the same as the standard for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). A motion for judgment as a matter of law is "properly granted only if no reasonable juror could find in the non-moving party's favor." *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205 (9th Cir. 2008) (internal quotations and alterations omitted). In making this determination, the Court is to view all evidence in the light most favorable to the nonmoving party, and draw all reasonable inferences in that party's favor. *Id*. "If conflicting inferences may be drawn from the facts, the case must go to the jury." *Id*. (internal quotations omitted). Before the Court may grant judgment as a matter of law, a party must be "fully heard" on the issue in question, Fed. R. Civ. P. 50(a)(1), and the motion must "specify the judgment sought and the law and facts that entitle the movant to the judgment," Fed. R. Civ. P. 50(a)(2). *Summers*, 508 F.3d at 926.

**B.     The Court should grant Mr. Coachman judgment as a matter of law on his failure to accommodate claims**

**1. Legal standard for failure to accommodate under the WLAD and ADA**

To establish a claim for failure to accommodate under the ADA, a plaintiff must show that (1) he is disabled within the meaning of the ADA; (2) he is a qualified individual with a disability; and (3) the employer failed to reasonably accommodate the employee after the employer's duty to engage in the interactive process was triggered. *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1133 (9th Cir. 2001). Under Washington law, to establish a prima facie case for failure to accommodate, the employee must show (1) he had a sensory, mental, or

PLTF.'S RULE 50 MOTION FOR JUDGMENT AS A MATTEROF LAW (2:17-cv-00187) – 2

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

physical abnormality that substantially limited his ability to perform the job; (2) he was qualified to perform the essential functions of the job; (3) the employer had notice of the abnormality and its accompanying limitations; and (4) the employer failed to affirmatively adopt measures that were available to the employer to accommodate the disability. *Riehl v. Foodmaker, Inc.*, 152 Wn.2d 138, 145, 94 P.3d 930 (2004); Wash. Pattern Jury Instr. 330.33.

Failure to provide a reasonable accommodation "constitutes discrimination unless the employer can demonstrate that such accommodation would result in an undue hardship to the employer's business." *Johnson v. Chevron U.S.A., Inc.*, 159 Wn. App. 18, 28, 244 P.3d 438 (2010) (internal quotations omitted); *see also* 42 U.S.C. § 12112(b)(5)(A) (same).

Defendants agree that Mr. Coachman was disabled under the ADA and WLAD. Therefore, the elements at issue are: (1) whether Mr. Coachman was a qualified individual with a disability; (2) whether the Defendants had a duty to accommodate Mr. Coachman; and (3) whether Defendants' discharged their duty to accommodate Mr. Coachman. No reasonable jury could find in the Defendants' favor on any of these elements.

**2. Evidence that Mr. Coachman was a qualified individual with a disability**

Defendants dispute that Mr. Coachman could perform the essential functions of the finance manager position as of January 8, 2015. Defendants do not, however, dispute that Mr. Coachman could perform the essential functions of the *sales manager* position. Indeed, Mr. Monjazeb repeatedly admitted that Mr. Coachman could perform the sales manager role. Ms. Hicks testified similarly. Mr. Graham explained that the sales manager role involved less speaking and little speaking with external parties, thus allowing it to be tailored to Mr. Coachman's needs. Given this testimony, no reasonable jury could find that Mr. Coachman was unable to perform the essential functions of the sales manager job.

PLTF.'S RULE 50 MOTION FOR
JUDGMENT AS A MATTEROF LAW
(2:17-cv-00187) – 3

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

Moreover, the weight of the evidence clearly shows that Mr. Coachman could perform the essential functions of the finance manager role with an accommodation. Mr. Coachman began working at Walker's Renton Subaru in a position requiring extensive oral communication on February 11, 2015. *Baldwin Testimony*; *Borgert Testimony*. Based on this uncontroverted evidence, no reasonable jury could conclude that Mr. Coachman could not perform the essential functions of his job as of February 11. Therefore, with a few weeks of medical leave as an accommodation, Mr. Coachman was a qualified individual with a disability for the finance manager position.

**3. Evidence that Defendants had a duty to accommodate Mr. Coachman**

Under the WLAD, Defendants clearly had an obligation to accommodate Mr. Coachman. The WLAD pattern jury instruction requires only *notice* of a disability to trigger the duty to accommodate. There is no dispute that Defendants (who had actual knowledge of Mr. Coachman's medical condition and resulting limitations) had notice of Mr. Coachman's disability. *Monjazeb Testimony*; *Graham Testimony*; *Hicks 30(b)(6) Testimony*.

With respect to the ADA, the undisputed evidence shows that Mr. Coachman requested an accommodation—medical leave—in August 2014. Mr. Monjazeb and the Samantha Hicks (in both her individual and 30(b)(6) capacity) repeatedly testified that the Defendants "accommodated" Mr. Coachman by granting him twenty-five weeks of leave. *Monjazeb Testimony; Hicks 30(b)(6) Testimony*; *Hicks Testimony*. Defendants clearly regarded Mr. Coachman's request for leave as a request for an accommodation. This request triggered an ongoing duty to engage in the interactive process. *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1138 (9th Cir. 2001).

PLTF.'S RULE 50 MOTION FOR JUDGMENT AS A MATTEROF LAW (2:17-cv-00187) – 4

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

The employer's duty to engage in the interactive process "extends beyond the first attempt at accommodation and continues when the employee asks for a different accommodation or *where the employer is aware that the initial accommodation is failing and further accommodation is needed.*" *Humphrey*, 239 F.3d at 1138 (emphasis added). Defendants' duty to accommodate Mr. Coachman was triggered in August 2014 and continued into December 2014 and January 2015 when Defendants concluded that the initial accommodation—medical leave through January 2, 2015—failed insofar as it did not allow Mr. Coachman to perform the essential functions of his job as a finance manager. When Defendants reached that conclusion, they had a duty to "explore further arrangements to reasonably accommodate" Mr. Coachman's disability. *Humphrey*, 239 F.3d at 1138 (employer's realization that initial accommodation was not working triggered duty to explore other accommodations); *U.S. E.E.O.C. v. UPS Supply Chain Sols.*, 620 F.3d 1103, 1112-13 (9th Cir. 2010) (where employer had reason to believe that initial accommodation provided to deaf employee wasn't working, employer had obligation to engage in interactive process); *Young v. Nicholson*, No. CV-05-407-RHW, 2007 WL 128821, at *10 (E.D. Wash. Jan. 12, 2007) (employer's obligation to engage in interactive process when first accommodation failed was "ongoing and continued up to the day that Plaintiff was removed from her position").

Moreover, even absent Mr. Coachman's August 2014 request for an accommodation, the ADA also imposes a duty to accommodate where the employer knows an employee is disabled and believes that disability impairs his ability to perform the job. *See Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 135-36 (2d Cir. 2008) (employer must accommodate known disability even where employee does not believe he requires an accommodation); *Kowitz v. Trinity Health*, 839 F.3d 742, 748 (8th Cir. 2016) (holding duty to accommodate arises when,

PLTF.'S RULE 50 MOTION FOR JUDGMENT AS A MATTEROF LAW (2:17-cv-00187) – 5

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

under the circumstances, the employer can be fairly said to know of both the disability and the need for an accommodation, and no precise words are required); *Dorsey v. CHS, Inc.*, 15-CV-02735-RBJ, 2017 WL 1356093, at *6 (D. Colo. Apr. 13, 2017) (holding that a reasonable juror could conclude that the obvious manifestations of employee's speech disability triggered employer's duty to engage in interactive process despite absence of affirmative request for accommodation from employee).

Defendants—who knew of Mr. Coachman's disability, its impact on his ability to work and speak, and his request to return from medical leave—thus had a duty to accommodate Mr. Coachman under the WLAD and ADA.

**4. Evidence that Defendants failed to offer reasonable accommodations**

A necessary component of reasonable accommodation is an interactive, open, and ongoing process of dialogue between the employer and employee to identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations. The interactive process requires (1) direct communication between the employer and employee to explore in good faith the possible accommodations; (2) consideration of the employee's request; and (3) offering an accommodation that is reasonable and effective. *Frisino v. Seattle Sch. Dist. No. 1*, 160 Wn. App. 765, 779-82 (2011); 29 C.F.R. § 1630.2(o)(3) (purpose of the "interactive process" is to "identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations"). "As long as a reasonable accommodation available to the employer could have plausibly enabled a handicapped employee to adequately perform his job, an employer is liable for failing to attempt that accommodation." *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d

PLTF.'S RULE 50 MOTION FOR
JUDGMENT AS A MATTEROF LAW
(2:17-cv-00187) – 6

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1128, 1136 (9th Cir. 2001) (quoting *Kimbro v. Atl. Richfield Co.*, 889 F.2d 869, 879 (9th Cir. 1989) (analyzing Washington Law Against Discrimination)).

The evidence at trial clearly demonstrates that: (1) Defendants failed to engage in the interactive process in good faith; and (2) there were plausible accommodations that would have allowed Mr. Coachman to return to work.

The weight of the evidence clearly shows that Defendants failed to engage in the interactive process in good faith. From the time Mr. Monjazeb assumed responsibility for Mr. Coachman's return to work, there was no "direct communication between the employer and employee to explore in good faith the possible accommodations." *Coachman Testimony*; *Hicks 30(b)(6) Testimony*; *Monjazeb Testimony*. Defendants claim the lack of direct communication lies at Mr. Coachman's feet because he purportedly failed to attend meetings with Mr. Monjazeb. But it is uncontroverted that (1) Mr. Coachman went to the dealership multiple times between October and December 2014 to discuss his return-to-work (*Kindle Testimony*; *Monjazeb Testimony*; *Bunton Testimony*; *Graham Testimony*; *Capps Testimony*); (2) Mr. Monjazeb ran into Mr. Coachman in December 2014, and did not request a meeting with him (*Monjazeb Testimony*; *Coachman Testimony*); (3) Mr. Coachman requested a meeting with Mr. Monjazeb on January 1, 2014 (*id.*); and (4) Mr. Monjazeb did not personally request meetings with Mr. Coachman (*Monjazeb Testimony*; *Hicks Testimony*). Moreover, Defendants also rely on Mr. Graham's interactions with Mr. Coachman to discharge their duty to engage in the interactive process. But Mr. Graham unequivocally testified that: (1) he had no official purpose in meeting Mr. Coachman for coffee on January 1, 2015; and (2) in December 2014, he did not know the alternative to the sales manager position was termination when he explored that option with Mr. Coachman. Because Mr. Graham had no idea he was part of interactive

PLTF.'S RULE 50 MOTION FOR
JUDGMENT AS A MATTEROF LAW
(2:17-cv-00187) – 7

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

process, his interactions with Mr. Coachman cannot be considered a "good faith" effort to engage in that process. Furthermore, the person supposedly responsible for communicating with Mr. Coachman and managing his return to work—Dee Lopez—testified repeatedly that she was not involved at all. And finally, it is undisputed that Defendants did not talk to Mr. Coachman's doctor or seek to obtain additional information about his medical condition. *Monjazeb Testimony*; *Hicks 30(b)(6) Testimony*; *Hicks Testimony*. Indeed, Ms. Hicks testified in her 30(b)(6) capacity that the company did not believe it was allowed to contact a medical provider. She testified in her individual capacity that she did not request a release to speak with Mr. Coachman's medical providers. *Hicks Testimony*. Under these facts, no reasonable jury could find that the Defendants engaged in the interactive process in good faith.

There were several accommodations that would have plausibly allowed Mr. Coachman to return to work. Significantly, Defendants concede that reassignment to the sales manager role was an accommodation that would have allowed Mr. Coachman return to work. *Monjazeb Testimony*; *Hicks 30(b)(6) Testimony*. Defendants base their entire defense on the assumption that Mr. Coachman rejected this accommodation. But both Mr. Coachman and Mr. Graham testified that the sales manager position was never offered; Mr. Graham testified that he was merely "exploring different options" with Mr. Coachman at the time. *Graham Testimony*. Mr. Monjazeb concedes that he was not present for this conversation and has no personal knowledge of whether Mr. Coachman was offered the sales manager role or not. *Monjazeb Testimony*. Because Defendants concede that reassignment to this position was a reasonable accommodation that would have allowed Mr. Coachman to return to work, a reasonable jury must conclude that there were accommodations that would plausibly allow Mr. Coachman to return to work.

PLTF.'S RULE 50 MOTION FOR
JUDGMENT AS A MATTER OF LAW
(2:17-cv-00187) – 8

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter judgment as a matter of law in favor of Mr. Coachman on his WLAD and ADA failure-to-accommodate claims.

Dated this 9th day of October, 2018.

FRANK FREED SUBIT & THOMAS LLP

s/ Beth Barrett Bloom
Beth Barrett Bloom, WSBA No. 31702
Anne Silver, WSBA No. 51695
705 Second Avenue, Suite 1200
Seattle, Washington 98104
Tel: (206) 682-67111
bbloom@frankfreed.com
asilver@frankfreed.com

*Attorneys for Plaintiff*

SCHROETER GOLDMARK & BENDER

s/ Jamal N. Whitehead
Jamal N. Whitehead, WSBA No. 39818
810 Third Avenue, Suite 500
Seattle, WA 98104
Tel: (206) 622-8000
whitehead@sgb-law.com

*Attorneys for Plaintiff*

PLTF.'S RULE 50 MOTION FOR
JUDGMENT AS A MATTEROF LAW
(2:17-cv-00187) – 9

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the laws of the United States that a copy of the foregoing document was forwarded for service upon counsel of record:

Sheryl J. Willert, WSBA # 08617
Jeffery M. Wells, WSBA #45840
WILLIAMS, KASTNER & GIBBS, PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Tel: (206) 628-6600
swillert@williamskastner.com
jwells@williamskastner.com
*Attorneys for Defendants*

☐ Via Facsimile
☐ Via First Class Mail
☐ Via Messenger
☐ Via Email
☒ Via CM/ECF

DATED this 8th day of October, 2018, at Seattle, Washington.

SCHROETER GOLDMARK & BENDER

*s/ Jamal N. Whitehead*
Jamal N. Whitehead, WSBA No. 39818
810 Third Avenue, Suite 500
Seattle, WA  98104
Tel: (206) 622-8000
whitehead@sgb-law.com

*Attorneys for Plaintiff*

PLTF.'S RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW (2:17-cv-00187) – 10

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305