UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TROY COACHMAN,

        Plaintiff,

        v.

SEATTLE AUTO MANAGEMENT, INC.
DBA MERCEDES BENZ OF SEATTLE
AND AL MONJAZEB,

        Defendants.

Case No. 17-187RSM

**FINAL JURY INSTRUCTIONS**

DATED: _Oct. 10, 2018_

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

**INSTRUCTION NO. 1:**
**Duty of Jury**

Members of the Jury:

Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case. Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**INSTRUCTION NO. 2**
**Claims and Defenses**

As I did at the start of the case, I will first give you a summary of each side's contentions in this case.  I will then provide you with detailed instructions on what each side must prove to win on each of its contentions.

Plaintiff Troy Coachman asserts that:

1.  Defendants Al Monjazeb and Seattle Auto Management, Inc. violated the Americans with Disabilities Act and the Washington Law Against Discrimination by firing him because of his voice disability when he could do his job and by failing to work with him to find a reasonable disability accommodation.

2.  As a result of Defendants' actions, Plaintiff has suffered harms and losses in amounts to be established by the jury.

Plaintiff has the burden of proving these claims.

Defendants deny these claims and allege the affirmative defenses of undue hardship, rejection of an unconditional job offer and failure to mitigate damages.  Defendants have the burden of proof on these affirmative defenses.

**INSTRUCTION NO. 3**
**Burden of Proof**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO. 4**
**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits which are received into evidence;

3.  any facts to which the lawyers have agreed; and

4.  any facts that I may instruct you to accept as proved.

### INSTRUCTION NO. 5
### What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your **memory of them controls.**

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

### INSTRUCTION NO. 6
### Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**INSTRUCTION NO. 7**
**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.  the opportunity and ability of the witness to see or hear or know the things testified to;
2.  the witness's memory;
3.  the witness's manner while testifying;
4.  the witness's interest in the outcome of the case, if any;
5.  the witness's bias or prejudice, if any;
6.  whether other evidence contradicted the witness's testimony;
7.  the reasonableness of the witness's testimony in light of all the evidence; and
8.  any other factors that bear on believability.

Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**INSTRUCTION NO. 8**
**Expert Opinion**

You have heard testimony from Judy Clark, Patricia Matteson, Douglas McDaniel, Marie Repanch, and Carol Ann Stimson who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**INSTRUCTION NO. 9**
**Corporation Acts through its Owner and Officers**

Defendant Seattle Auto Management, Inc. is a corporation.  A corporation can act through its owners and officers.  Any act or omission of an owner or officer is the act or omission of the corporation.

**INSTRUCTION NO. 10**
**Disability Discrimination Claim – ADA**

The parties agree that Plaintiff was disabled as defined by federal law. Plaintiff claims that his disability was the reason for the Defendants' decision to discharge him. To succeed on this federal Americans with Disabilities Act ("ADA") claim, Plaintiff has the burden of proving the following elements by a preponderance of the evidence:

1. He was a qualified individual as that term is defined below; and

2. He was discharged because of his disability.

If you find that Plaintiff has proved all of these elements, your verdict should be for him on this claim. If, on the other hand, Plaintiff has failed to prove any of these elements, your verdict should be for Defendants on this claim.

The term "qualified individual" means an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. The individual must satisfy the requisite skill, experience, education, and other job-related requirements of the employment position.

An "essential function" of an employment position means the fundamental job duties of the employment position the plaintiff holds or desires. It does not include the marginal functions that may occur through the course of a job.

You must consider the employer's judgment as to what functions of a job are essential. If any employer has prepared a written description before advertising or interviewing applicants for the job, this description is evidence of the essential functions of the job. Other factors that may bear upon whether a job function is essential include, but are not limited to: a) whether the reason the position exists is to perform that function; b) whether there are a limited number of employees

available among whom the performance of that job function can be distributed; c) whether the job function is highly specialized, and the person in that particular position is hired for his expertise or ability to perform the particular function; d) the amount of time spent performing the job function; e) the consequences of not requiring the individual holding the position to perform the function; f) the work experience of past employees who have held the position; and g) the work experience of current employees that hold similar positions.

**INSTRUCTION NO. 11**
**Disability Discrimination Claim – WLAD**

Discrimination in employment on the basis of disability is prohibited under state law.

The parties agree that Plaintiff was disabled as defined by the Washington Law Against Discrimination ("WLAD"). To establish his claim of discrimination on the basis of disability, Plaintiff has the burden of proving each of the following elements:

1. That he was able to perform the essential functions of the job in question with or without a reasonable accommodation; and

2. That his disability was a substantial factor in Defendants' decision to terminate him.

"Substantial factor" means a significant motivating factor in bringing about the employer's decision. Plaintiff does not have to prove that his disability was the only factor or the main factor in the decision. Nor does Plaintiff have to prove that he would have been retained but for his disability.

If you find that Plaintiff has proved all of these elements, your verdict should be for him on this claim. If, on the other hand, Plaintiff has failed to prove any of these elements, your verdict should be for the Defendants on this claim.

In determining whether a function is essential to a position, you may consider, among others, the following factors: a) whether the reasons the position exists include performing that function; b) the employer's judgment as to which functions are essential; c) the judgment of those who have experience working in and around the position in question; d) any written job descriptions such as those used to advertise the position; and e) the amount of time spent on the job performing the particular function.

**INSTRUCTION NO. 12**
**Reasonable Accommodation Claim – ADA**

To establish Defendants' duty to provide a reasonable accommodation under federal law, Plaintiff must prove, by a preponderance of the evidence, both of the following elements:

1. that he requested an accommodation from Defendants due to a disability, and
2. that Defendants could have made a reasonable accommodation that would have enabled him to perform the essential functions of the job.

If you find that Plaintiff has proved both of these elements, your verdict should be for him on this claim. If, on the other hand, Plaintiff has failed to prove any of these elements, your verdict should be for Defendants on this claim.

Under the ADA, an accommodation by the defendants may include, but is not limited to: a) modifying or adjusting a job application process to enable a qualified applicant with a disability to be considered for the position; b) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; c) job restructuring; d) part-time or modified work schedule; e) reassignment to a vacant position; f) acquisition or modifications of examinations, training materials, or policies; g) provision of qualified readers and interpreters; h) other similar accommodations for individuals with plaintiff's disabilities; or i) unpaid leave, but unpaid leave for unspecified duration is not a reasonable accommodation.

The duty to accommodate is a continuing duty. Once the duty arises, the employer's obligation to engage in the interactive process extends beyond the first attempt at accommodation and continues when the employee asks for a different accommodation or where the employer is aware that the initial accommodation is failing and further accommodation is needed. The employer need not continue if it can demonstrate that remaining modes of accommodation constitute an undue hardship. An employer's previously unsuccessful attempts at accommodation do not give rise to liability if the employer ultimately provides a reasonable accommodation prior to termination.

It is for you to determine whether the accommodations requested by a plaintiff are reasonable. A reasonable accommodation does not include changing or eliminating any essential function of employment, shifting any of the essential functions of the subject employment to others, or creating a new position for the disabled employee.

**INSTRUCTION NO. 13**
**Reasonable Accommodation Claim – WLAD**

To establish Defendants' duty to provide a reasonable accommodation under state law, Plaintiff must prove, by a preponderance of the evidence, each of the following elements:

1. that either Plaintiff gave Defendants notice of the impairment or no notice was required to be given because Defendants knew about his impairment;
2. the impairment had a substantially limiting effect on his ability to perform his job;
3. that he would have been able to perform the essential functions of the job with reasonable accommodation; and
4. that Defendants failed to reasonably accommodate the impairment.

If you find that Plaintiff has proved all of these elements, your verdict should be for him on this claim. If, on the other hand, Plaintiff has failed to prove any of these elements, your verdict should be for Defendants on this claim.

In determining whether an impairment has a substantially limiting effect, a limitation is not substantial if it has only a trivial effect.

A reasonable accommodation is a measure that enables the proper performance of the essential job functions; or enables the enjoyment of equal benefits, privileges, or terms and conditions of employment that are available to employees without disabilities.

An employer is required to engage in an interactive process in good faith in order to reasonably accommodate an employee's disability. Once an employer is on notice of an impairment, the employer has a duty under state law to inquire about the nature and extent of the impairment. When an impairment is obvious or known, an employee is not required to formally request an accommodation in order for the employer to have sufficient notice of the impairment. The employee has a duty to cooperate with his employer to explain the nature and extent of the employee's impairment and resulting limitations as well as his qualifications.

An employer must provide a reasonable accommodation for an employee with a disability unless the employer can show that the accommodation would impose an undue hardship on the employer. The obligation to reasonably accommodate applies to all aspects of employment, and an employer cannot deny an employment opportunity to a qualified applicant or employee because of the need to provide reasonable accommodation.

There may be more than one reasonable accommodation of a disability.

The duty to accommodate is continuing. If an employer's first attempt at accommodation fails, it must continue to attempt modes of accommodation unless it can demonstrate that remaining modes of accommodation constitute an undue hardship. An employer's previously unsuccessful attempts at accommodation do not give rise to liability if the employer ultimately provides a reasonable accommodation prior to termination.

A reasonable accommodation may include adjustments in the manner in which essential functions are carried out, work schedules, scope of work, and changes in the job setting or conditions of employment that enable the person to perform the essential functions of the job.

**INSTRUCTION NO. 14**
**Undue Hardship**

A defendant is not required to provide an accommodation that will impose an undue hardship on the operation of the defendant's business.

The term undue hardship means an action requiring significant difficulty or expense. It takes into account the financial realities of the particular defendant and refers to any accommodation that would be unduly costly, extensive, substantial, or disruptive, or that would fundamentally alter the nature or operation of the business.

The factors to be considered in deciding whether an accommodation would cause undue hardship include:

(a) the nature and net cost of the accommodation, accounting for tax credits or deductions and other outside funding;

(b) the overall financial resources of the defendant's facility involved in the provision of the reasonable accommodation, the number of persons employed at such facility, the effect on expenses and resources, or the impact otherwise of such accommodation upon the operation of the facility;

(c) the overall financial resources of the defendant's facilities, the number of persons employed by the defendant's facilities, the number, type, and location of its facilities;

(d) the type of operations the defendant is involved in and the composition, structure, and functions of the work force;

(e) the overall impact of the proposed accommodation on the operation of the defendant's facilities, including the impact on other employees and the ability to conduct business.

**INSTRUCTION NO. 15**
**Damages—Employment Discrimination**

It is the duty of the court to instruct you as to the measure of damages. By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If your verdict is for Plaintiff, you must determine the amount of money that will reasonably and fairly compensate him for damages you find were proximately caused by the acts of Defendants. The term "proximate cause" means a cause that was a substantial factor in bringing about the event or injury in question even if the result would have occurred without it.

You should consider the following elements:

1. Economic Damages: The reasonable value of lost past earnings and fringe benefits other than disability benefits, from the date of the wrongful conduct to April 28, 2015, and the reasonable value of the lost disability benefits; and

2. Compensatory Damages: The emotional harm to Plaintiff caused by Defendants' wrongful conduct, including emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish experienced and with reasonable probability to be experienced by Plaintiff in the future.

The burden of proving damages rests with Plaintiff, and it is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence. Any award of damages must be based upon evidence and not upon speculation, guess, or conjecture. The law has not furnished us with any fixed standards by which to measure emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish. With reference to these matters, you must be governed by your own judgment, by the evidence in the case, and by these instructions.

### INSTRUCTION NO. 16
### Unconditional Offer of Reinstatement

Defendants contend that Plaintiff unreasonably refused an unconditional offer of reinstatement.  Defendants have the burden of proving by a preponderance of the evidence:

1. that Defendants made Plaintiff an unconditional offer of reinstatement; and

2. that Plaintiff's refusal of the unconditional offer of reinstatement was not reasonable.

If you find that Defendants proved these elements, you should calculate an award of lost past earnings from the date of the termination to the date of the offer of reinstatement.  An unconditional offer of reinstatement may not be considered as evidence of a reasonable accommodation.

**INSTRUCTION NO. 17**
**Aggravation of Pre-Existing Condition**

If your verdict is for Plaintiff, and if you find that:

1. before his termination, he had a pre-existing bodily or mental condition that was causing pain or disability; and

2. because of his termination the condition or the pain or the disability was aggravated;

then you should consider the degree to which the condition or the pain or disability was aggravated by this occurrence. However, you should not consider any condition or disability that may have existed prior to the termination, or from which Plaintiff may now be suffering, that was not caused or contributed to by his termination.

**INSTRUCTION NO. 18**
**Particular Susceptibility**

If your verdict is for Plaintiff, and if you find that:

1.  before his discharge from employment, he had a bodily or mental condition that was not causing pain or disability; and

2.  the condition made him more susceptible to injury than a person in normal health;

then you should consider all the injuries and damages that were proximately caused by the discharge from employment, even though those injuries, due to the pre-existing condition, may have been greater than those that would have been incurred under the same circumstances by a person without that condition.

There may be no recovery, however, for any injuries or disabilities that would have resulted from natural progression of the pre-existing condition even without this occurrence.

**INSTRUCTION NO. 19**
**Mitigation of Damages**

Plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages. To establish a failure to mitigate, Defendants have the burden of proving by a preponderance of the evidence that:

1. There were openings in comparable positions available for Plaintiff elsewhere after Defendants terminated him;

2. Plaintiff failed to use reasonable care and diligence in seeking those openings; and

3. The amount by which damages would have been reduced if Plaintiff had used reasonable care and diligence in seeking those openings.

If you find that Defendants proved these elements, you should reduce your award of damages for wage loss accordingly.


You should take into account the characteristics of a plaintiff and the job market in evaluating the reasonableness of a plaintiff's efforts to mitigate damages.

**INSTRUCTION NO. 20**
**Duty to Deliberate**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

### INSTRUCTION NO. 21
### Consideration of Evidence—Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the Court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Do not search, visit, view, or attempt to view either of the parties' websites.

Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the Court immediately.

**INSTRUCTION NO. 22:**
**Taking Notes**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

### INSTRUCTION NO. 23
### Communications with the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including the Court – how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**INSTRUCTION NO. 24**
**Return of Verdict**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.